WILLIAM L CLARK, Appellant, *v.* JOHN B. WEST, Respondent.

1 PLEADINGS TO BE LIBERALLY CONSTRUED. Pleadings are to be
liberally construed and averments which point out the nature of the claim
made are sufficient if, under them a party would be entitled to give the
necessary evidence.

2 DEMURRER — EFFECT OF. A demurrer not only admits the truth of
the allegations of the complaint, but also all that can by reasonable and
fair interdment be implied therefrom.

3 WAIVER OF STIPULATION IN CONTRACT. A waiver is an intentional
relinquishment of a known right. It implies election to dispense with
something of value or forego some advantage which the party waiving
it might have insisted upon. A waiver relieves against forfeiture and
requires no consideration nor any prejudice or injury to the other party.

4 ALLEGATION OF WAIVER — WHAT SUFFICIENT ON DEMURRER.
Plaintiff contracted to perform certain literary work for defendant at a
price named. It was also stipulated that an additional sum should be
paid in case plaintiff abstained from the use of intoxicating liquors while
so engaged. He did not so abstain and defendant refused to make pay-
ment of such additional sum. In an action to recover the additional
amount plaintiff alleged a waiver by defendant of the condition that he
should abstain and his reliance on such waiver in carrying on and com-
pleting the work. *Held*, that this stipulation was not the consideration
for the contract, but a condition precedent which could have been either
insisted upon or waived by defendant. The waiver is not of the consid-
eration or subject-matter, but of an incident of performance, hence an alle-
gation that plaintiff, with full knowledge of the breach of this condition,

represented to plaintiff both before and after the completion of the work that he was entitled to the additional royalty and that there was a mutual understanding that he was to receive the same, upon which representation and understanding plaintiff relied and acted, sets up an express waiver.

5. RIGHT OF DEFENDANT — COUNTERCLAIM. While defendant cannot insist upon strict performance of the contract he may counterclaim any damages he has sustained.

*Clark* v. *West*, 125 App. Div. 654, reversed.

(Argued September 28, 1908; decided November 10, 1908.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 5, 1908, which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint, and sustained such demurrer.

On February 12th, 1900, the plaintiff and defendant entered into a written contract under which the former was to write and prepare for publication for the latter a series of law books the compensation for which was provided in the contract. After the plaintiff had completed a three-volume work known as " Clark & Marshall on Corporations," the parties disagreed. The plaintiff claimed that the defendant had broken the con- tract by causing the book to be copyrighted in the name of a corporation, which was not a party to the contract, and he brought this action to recover what he claims to be due him, for an accounting and other relief. The defendant demurred to the complaint on the ground that it did not state facts suf- ficient to constitute a cause of action. The Special Term overruled the demurrer, but upon appeal to the Appellate Division, that decision was reversed and the demurrer sustained.

Those portions of the contract which are germane to the present stage of the controversy are as follows : The plaintiff agreed to write a series of books relating to specified legal subjects ; the manuscript furnished by him was to be satisfac- tory to the defendant ; the plaintiff was not to write or edit anything that would interfere with the sale of books to be written by him under the contract and he was not to write

any other books unless requested so to do by the defendant, in which latter event he was to be paid $3,000 a year. The contract contained a clause which provided that " The first party (the plaintiff) agrees to totally abstain from the use of intoxicating liquors during the continuance of this contract, and that the payment to him in accordance with the terms of this contract of any money in excess of $2 per page is dependent on the faithful performance of this as well as the other conditions of this contract.   *   *   *"

In a later paragraph it further recited that, " In consideration of the above promises of the first party (the plaintiff), the second party (the defendant) agrees to pay to the first party $2 per page,   *   *   *   on each book prepared by the first party under this contract and accepted by the second party, and if said first party abstains from the use of intoxicating liquor and otherwise fulfills his agreements as hereinbefore set forth, he shall be paid an additional $4 per page in manner hereinbefore stated."

This was followed by a specification of the method and times of payment in which it was agreed that " When a completed chapter or completed chapters amounting to not less than 125 pages, to be delivered to the second party each month, are so delivered, the second party shall pay to the first party $2 per page. But he shall not be required to pay more than $250 in any one month prior to the acceptance by him of a completed book. These advance payments are to be made as soon as the completed chapters are delivered as above stated, but if, after such delivery and payment, the manuscript shall not be regarded by the second party as satisfactory, no further payment shall be made until the first party shall have made the same satisfactory to the second party. All payments on account of parts of books are to be treated as payments on account, against the books previously completed and accepted. They are for accommodation of first party only.

" After the publication of any book or books prepared by the first party under this contract, he shall at the end of

every six months be entitled to receive, and the second party agrees to pay him, an amount equal to one-sixth of the net receipts from the combined sales of all books which shall have been prepared by the said first party and published by the said second party under this contract, less any and all payments previously made, said first party and all money then due the second party from the first party, until the amount of $6 per page of each book shall have been paid, after which the first party shall have no right, title or interest in said books or the receipts from the sale thereof."

The plaintiff in his complaint alleges completion of the work on corporations and publication thereof by the defendant; the sale of many copies thereof from which the defendant received large net receipts; the number of pages it contained (3,469), for which he had been paid at the rate of $2 per page, amounting to $6,938; and that defendant has refused to pay him any sum over and above that amount, or any sum in excess of $2 per page. Full performance of the agreement on plaintiff's part is alleged, except that he "did not totally abstain from the use of intoxicating liquor during the continuance of said contract, but such use by the plaintiff was not excessive and did not prevent or interfere with the due and full performance by the plaintiff of all the other stipulations in said contract." The complaint further alleges a waiver on the part of the defendant of the plaintiff's stipulation to totally abstain from the use of intoxicating liquors, as follows:

"XII. That defendant waived plaintiff's breach of the stipulation to totally abstain from the use of intoxicating liquors during the continuance of said contract; that long prior to the completion of said manuscript on Corporations, and its delivery to and acceptance by the defendant, the defendant had full knowledge and well knew of plaintiff's said use of intoxicating liquor during the continuance of said contract, but nevertheless acquiesced in and failed to object thereto, and did not terminate the contract on account thereof; that with full knowledge of said breach by the plaintiff defend-

ant continued to exact and require of the plaintiff performance of all the other stipulations and conditions of said contract, and treated the same as still in force, and continued to receive and did receive installments of manuscript under said contract, and continued to make and did make payments to plaintiff by way of advancements and finally accepted and published said manuscript as aforesaid; that at no time during the performance of said contract by the plaintiff did the defendant notify or intimate to the plaintiff that defendant would insist upon strict compliance with said stipulation to totally abstain from the use of intoxicating liquor, or that defendant intended to take advantage of plaintiff's said breach, and on account and by reason thereof refuse to pay plaintiff the royalty stipulated in said contract; *that, on the contrary, and with full knowledge of plaintiff's said use of intoxicating liquors, defendant repeatedly avowed and represented to the plaintiff that he was entitled to and would receive said royalty payment, and plaintiff believed and relied on said representation, and in reliance thereon continued in the performance of said contract until the time of the breach thereof by the defendant as hereinafter specifically alleged, and at all times during the writing of said treatise on corporations, and after as well as before publication thereof as aforesaid, it was mutually understood, agreed and intended by the parties hereto that notwithstanding plaintiff's said use of intoxicating liquors he was nevertheless entitled to receive and would receive said royalty as the same accrued under said contract.*"

The defendant's breach of the contract is then alleged which is claimed to consist in his having taken out a copyright upon the plaintiff's work on corporations in the name of a publishing company which had no relation to the contract, and the relief asked for is that the defendant be compelled to account, and that the copyright be transferred to the plaintiff, or that he recover its value.

The appeal is by permission of the Appellate Division and the following questions have been certified to us: 1. Does the

complaint herein state facts sufficient to constitute a cause of action? 2. Under the terms of the contract alleged in the complaint, is the plaintiff's total abstinence from the use of intoxicating liquors a condition precedent which can be waived so as to render defendant liable upon the contract notwithstanding plaintiff's use intoxicating liquors? 3. Does the complaint herein allege facts constituting a valid and effective waiver of plaintiff's non-performance of such condition precedent?

*William B. Hale* for appellant. Under the terms of the contract, plaintiff's total abstinence from the use of intoxicating liquor is a condition precedent which can be waived so as to render defendant liable upon the contract, notwithstanding plaintiff's use of intoxicating liquor. (*Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328; *B. B. Co.* v. *Brown*, 149 Mass. 425; *Bettini* v. *Gye*, L. R. [1 Q. B. Div.] 187; Anson on Cont. 369; 7 Am. & Eng. Ency. of Law [2d ed.], 153; *Viele* v. *G. Ins. Co.*, 26 Iowa, 9; *Insurance Co.* v. *Norton*, 96 U. S. 234; *Kiernan* v. *D. C. M. Ins. Co.*, 150 N. Y. 190; *Prentice* v. *K. L. Ins. Co.*, 77 N. Y. 483; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410; *Dunn* v. *Steubling*, 120 N. Y. 232; *Brady* v. *Cassidy*, 145 N. Y. 171.) The complaint alleges facts constituting a waiver of plaintiff's non-performance of the condition precedent of total abstinence. (*Cowenhoven* v. *Bull*, 118 N. Y. 234; *Graham* v. *S. M. Ins. Co.*, 72 N. J. L. 298; *H. K. & A. Co.* v. *Unsell*, 144 U. S. 439; *Kiernan* v. *Ins. Co.*, 150 N. Y. 190; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410; *Goodwin* v. *Ins. Co.*, 73 N. Y. 480; *Prentice* v. *Ins. Co.*, 77 N. Y. 483; *Brink* v. *Ins. Co.*, 80 N. Y. 108; *Ins. Co.* v. *Norton*, 96 U. S. 234; *P. Mfg. Co.* v. *R. G. Co.*, 110 App. Div. 341.)

*H. V. Rutherford* for respondent. No waiver of the plaintiff's breach of the covenant to totally abstain was involved in the defendant's acceptance of the book as written. (*Dunn* v. *Steubling*, 120 N. Y. 232; *Grannis & Hurd* v. *Deeves*, 72 Hun, 171; *Crocker - Wheeler Co.* v. *Varick*, 104

App. Div. 368; *Smith* v. *Brady*, 17 N. Y. 173; *Organ* v. *Stewart*, 60 N. Y. 413, 420; *Crane* v. *Knubel*, 43 How. Pr. 389.) Under the terms of the contract plaintiff's total abstinence from the use of liquor is the consideration of defendant's promise to pay the additional four dollars per page for the book. (*Ins. Co.* v. *Raddin*, 120 U. S. 183; *Philpott* v. *Gruninger*, 14 Wall. 564.) Under the contract total abstinence is not a condition intended to work a forefeiture of the additional four dollars per page. (Story Eq. Juris. § 1314; *Peachy* v. *Duke of Somerset*, 1 Str. 447; *Sloman* v. *Walker*, 1 Bro. Ch. 418; *Fisk* v. *Gray*, 11 Allen, 132; *Long* v. *Towl*, 42 Mo. 545; *Bayley* v. *Peddie*, 16 N. Y. 469; *Cotheal* v. *Talmade*, 9 N. Y. 551.) If, under the contract, performance of plaintiff's covenant to abstain was intended to be the consideration of defendant's promise to pay the additional four dollars per page, performance of that covenant did not become a mere condition or a condition relating to the manner of performance of the contract, by any act alleged in the complaint. (*Viele* v. *Ins. Co.*, 26 Iowa, 9.) The facts set forth in the complaint can, in no aspect of the case, constitute a waiver of the right of the defendant to rely on plaintiff's breach of his covenant to abstain as a defense to his liability to pay the four dollars per page for the book. They constitute, at most, a release or a new contract, requiring a consideration. (*Monkhouse* v. *Shepherson*, 11 Ad. & El. 411; Hare on Cont. 251; *Parke* v. *F. A. T. Co.*, 120 N. Y. 51; *P. Mfg. Co.* v. *R. G. Co.*, 110 App. Div. 341; *Kiernan* v. *Ins. Co.*, 150 N. Y. 190.)

WERNER, J. The contract before us, stripped of all superfluous verbiage, binds the plaintiff to total abstention from the use of intoxicating liquors during the continuance of the work which he was employed to do. The stipulations relating to the plaintiff's compensation provide that if he does not observe this condition he is to be paid at the rate of $2 per page, and if he does comply therewith he is to receive $6 per page. The plaintiff has written one book under the contract

known as "Clark & Marshall on Corporations," which has been accepted, published and copies sold in large numbers by the defendant. The plaintiff admits that while he was at work on this book he did not entirely abstain from the use of intoxicating liquors. He has been paid only $2 per page for the work he has done. He claims that, despite his breach of this condition, he is entitled to the full compensation of $6 per page because the defendant, with full knowledge of plaintiff's non-observance of this stipulation as to total abstinence, has waived the breach thereof and cannot now insist upon strict performance in this regard. This plea of waiver presents the underlying question which determines the answers to the questions certified.

Briefly stated, the defendant's position is that the stipulation as to plaintiff's total abstinence is the consideration for the payment of the difference between $2 and $6 per page and therefore could not be waived except by a new agreement to that effect based upon a good consideration; that the so-called waiver alleged by the plaintiff is not a waiver but a modification of the contract in respect of its consideration. The plaintiff on the other hand argues that the stipulation for his total abstinence was merely a condition precedent intended to work a forfeiture of the additional compensation in case of a breach and that it could be waived without any formal agreement to that effect based upon a new consideration.

The subject-matter of the contract was the writing of books by the plaintiff for the defendant. The duration of the contract was the time necessary to complete them all. The work was to be done to the satisfaction of the defendant, and the plaintiff was not to write any other books except those covered by the contract unless requested so to do by the defendant, in which latter event he was to be paid for that particular work by the year. The compensation for the work specified in the contract was to be $6 per page, unless the plaintiff failed to totally abstain from the use of intoxicating liquors during the continuance of the contract, in which event he was to receive only $2 per page.

That is the obvious import of the contract construed in the light of the purpose for which it was made, and in accordance with the ordinary meaning of plain language. It is not a contract to write books in order that the plaintiff shall keep sober, but a contract containing a stipulation that he shall keep sober so that he may write satisfactory books. When we view the contract from this standpoint it will readily be perceived that the particular stipulation is not the consideration for the contract, but simply one of its conditions which fits in with those relating to time and method of delivery of manuscript, revision of proof, citation of cases, assignment of copyrights, keeping track of new cases and citations for new editions, and other details which might be waived by the defendant, if he saw fit to do so. This is made clear, it seems to us, by the provision that, "In consideration of the above promises," the defendant agrees to pay the plaintiff $2 per page on each book prepared by him, and if he "abstains from the use of intoxicating liquor and otherwise fulfills his agreements as hereinbefore set forth, he shall be paid an additional $4 per page in manner hereinbefore stated." The compensation of $2 per page, not to exceed $250 per month, was an advance or partial payment of the whole price of $6 per page, and the payment of the two-thirds which was to be withheld pending the performance of the contract, was simply made contingent upon the plaintiff's total abstention from the use of intoxicants during the life of the contract. It is possible, of course, by segregating that clause of the contract from the context, to give it a wider meaning and a different aspect than it has when read in conjunction with other stipulations. But this is also true of other paragraphs of the contract. The paragraph, for instance, which provides that after the publication of any of the books written by the plaintiff he is to receive an amount equal to one-sixth of the net receipts from the combined sales of all the books which shall have been published by the defendant under the contract, less any and all payments previously made, "until the amount of $6 per page of each book shall have been paid, after which the first

party (plaintiff) shall have no right, title or interest in said books or the receipts from the sales thereof." That section of the contract standing alone would indicate that the plaintiff was to be entitled in any .event to the $6 per page to be paid out of the net receipts of the copies of the book sold. The contract read as a whole, however, shows that it is modified by the preceding provisions making the compensation in excess of the $2 per page dependent upon the plaintiff's total abstinence, and upon the performance by him of the other conditions of the contract. It is obvious that the parties thought that the plaintiff's normal work was worth $6 per page. That was the sum to be paid for the work done by the plaintiff and not for total abstinence. If the plaintiff did not keep to the condition as to total abstinence, he was to lose part of that sum. Precisely the same situation would have risen if the plaintiff had disregarded any of the other essential conditions of the contract. The fact that the particular stipulation was emphasized did not change its character. It was still a condition which the defendant could have insisted upon, as he has apparently done in regard to some others, and one which he could waive just as he might have waived those relating to the amount of the advance payments, or the number of pages to be written each month. A breach of any of the substantial. conditions of the contract would have entailed a loss or forfeiture similar to that consequent upon a breach of the one relating to total abstinence, in case of the defendant's insistence upon his right to take advantage of them. This, we think, is the fair interpretation of the contract, and it follows that the stipulation as to the plaintiff's total abstinence was nothing more nor less than a condition precedent. If that conclusion is well founded there can be no escape from the corollary that this condition could be waived; and if it was waived the defendant is clearly not in a position to insist upon the forfeiture which his waiver was intended to annihilate. The forfeiture must stand or fall with the condition. If the latter was waived, the former is no longer a part of the contract. Defendant still has the

right to counterclaim for any damages which he may have sustained in consequence of the plaintiff's breach, but he cannot insist upon strict performance. (*Dunn* v. *Steubing*, 120 N. Y. 232; *Parke* v. *Franco-American Trading Co.*, Id. 51, 56; *Brady* v. *Cassidy*, 145 id. 171.)

This whole discussion is predicated of course upon the theory of an express waiver. We assume that no waiver could be implied from the defendant's mere acceptance of the books and his payment of the sum of $2 per page without objection. It was the defendant's duty to pay that amount in any event after acceptance of the work. The plaintiff must stand upon his allegation of an express waiver and if he fails to establish that he cannot maintain his action.

The theory upon which the defendant's attitude seems to be based is that even if he has represented to the plaintiff that he would not insist upon the condition that the latter should observe total abstinence from intoxicants, he can still refuse to pay the full contract price for his work. The inequity of this position becomes apparent when we consider that this contract was to run for a period of years, during a large portion of which the plaintiff was to be entitled only to the advance payment of $2 per page, the balance being contingent, among other things, upon publication of the books and returns from sales. Upon this theory the defendant might have waived the condition while the first book was in process of production, and yet when the whole work was completed, he would still be in a position to insist upon the forfeiture because there had not been strict performance. Such a situation is possible in a case where the subject of the waiver is the very consideration of a contract (*Organ* v. *Stewart*, 60 N. Y. 413, 420), but not where the waiver relates to something that can be waived. In the case at bar, as we have seen, the waiver is not of the consideration or subject-matter, but of an incident to the method of performance. The consideration remains the same. The defendant has had the work he bargained for, and it is alleged that he has waived one of the conditions as to the manner in which it was to have

been done. He might have insisted upon literal performance and then he could have stood upon the letter of his contract. If, however, he has waived that incidental condition, he has created a situation to which the doctrine of waiver very precisely applies.

The cases which present the most familiar phases of the doctrine of waiver are those which have arisen out of litigation over insurance policies where the defendants have claimed a forfeiture because of the breach of some condition in the contract (*Insurance Co.* v. *Norton*, 96 U. S. 234; *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Kiernan* v. *Dutchess Co. Mut. Insurance Co.*, 150 id. 190), but it is a doctrine of general application which is confined to no particular class of cases. A waiver has been defined to be the intentional relinquishment of a known right. It is voluntary and implies an election to dispense with something of value, or forego some advantage which the party waiving it might at its option have demanded or insisted upon (Herman on Estoppel & Res Adjudicata, vol. 2, p. 954; *Cowenhoven* v. *Ball*, 118 N. Y. 234), and this definition is supported by many cases in this and other states. In the recent case of *Draper* v. *Oswego Co. Fire R. Assn.* (190 N. Y. 12, 16) Chief Judge CULLEN, in speaking for the court upon this subject, said: "While that doctrine and the doctrine of equitable estoppel are often confused in insurance litigation, there is a clear distinction between the two. A waiver is the voluntary abandonment or relinquishment by a party of some right or advantage. As said by my brother VANN in the *Kiernan Case* (150 N. Y. 190): 'The law of waiver seems to be a technical doctrine, introduced and applied by the court for the purpose of defeating forfeitures. * * * While the principle may not be easily classified, it is well established that if the words and acts of the insurer reasonably justify the conclusion that with full knowledge of all the facts it intended to abandon or not to insist upon the particular defense afterwards relied upon, a verdict or finding to that effect establishes a waiver, which, if it once exists, can never be revoked.' The doctrine of equi-

table estoppel, or estoppel *in pais*, is that a party may be precluded by his acts and conduct from asserting a right to the detriment of another party who, entitled to rely on such conduct, has acted upon it.    *    *    *    As already said, the doctrine of waiver is to relieve against forfeiture; it requires no consideration for a waiver, nor any prejudice or injury to the other party." To the same effect, see *Knarston* v. *Manhattan Life Ins. Co.* (140 Cal. 57).

It remains to be determined whether the plaintiff has alleged facts which, if proven, will be sufficient to establish his claim of an express waiver by the defendant of the plaintiff's breach of the condition to observe total abstinence. In the 12th paragraph of the complaint, the plaintiff alleges facts and circumstances which we think, if established, would prove defendant's waiver of plaintiff's performance of that contract stipulation. These facts and circumstances are that. long before the plaintiff had completed the manuscript of the first book undertaken under the contract, the defendant had full knowledge of the plaintiff's non-observance of that stipulation, and that with such knowledge he not only accepted the completed manuscript without objection, but "repeatedly avowed and represented to the plaintiff that he was entitled to and would receive said royalty payments (*i. e.*, the additional $4 per page), and plaintiff believed and relied upon such representations    *    *    *    and at all times during the writing of said treatise on corporations, and after as well as before publication thereof as aforesaid, it was mutually understood, agreed and intended by the parties hereto that notwithstanding plaintiff's said use of intoxicating liquors, he was nevertheless entitled to receive and would receive said royalty as the same accrued under said contract."

The demurrer not only admits the truth of these allegations, but also all that can by reasonable and fair intendment be implied therefrom. (*Marie* v. *Garrison*, 83 N. Y. 14; *Standard Fashion Co.* v. *Siegel-Cooper Co.*, 157 id. 60; *Ahrens* v. *Jones*, 169 id. 555, 559.) Under the modern rule pleadings are not to be construed against the pleader, but averments

which sufficiently point out the nature of the plaintiff's claim are sufficient, if under them he would be entitled to give the necessary evidence. (*Rochester Ry. Co.* v. *Robinson,* 133 N. Y. 242, 246; *Coatsworth* v. *Lehigh Valley R. R. Co.,* 156 id. 451.) Tested by these rules, we think it cannot be doubted that the allegations contained in the 12th paragraph of the complaint, if proved upon the trial, would be sufficient to establish an express waiver by the defendant of the stipulation in regard to plaintiff's total abstinence.

The three questions certified should be answered in the affirmative, the order of the Appellate Division reversed, the interlocutory judgment of the Special Term affirmed, with costs in both courts, and the defendant be permitted to answer the complaint within twenty days upon payment of costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Order reversed, etc.