OSCAR WOLVEN, Appellant, v. JOHN C. GABLER, Respondent.

Second Department, April 23, 1909.

**Master and servant — Employers' Liability Act — waiver of timely service of notice — when question for jury — estoppel.**

A master may waive the provision of section 2 of the Employers' Liability Act requiring the notice of injury to be served within 120 days after the accident. Such waiver may be shown by words or acts.

Where the language alleged to constitute a waiver of said provision is equivocal and open to different inferences the question of waiver is for the jury.

Where, at the time the plaintiff was confined in a hospital suffering from injuries, his master in answer to a communication from the plaintiff's wife wrote : " In reference to any claim that you might make I would not deem it advisable until you know the result of the injury," which reply was communicated to the plaintiff, it is for the jury to say whether the claim referred to in the letter was the notice required by section 2 of the Employers' Liability Act, and whether the master consented that the service of notice be delayed until the extent of the injuries were known.

Under the circumstances the jury may find the master estopped from claiming that a notice served about two weeks after the plaintiff left the hospital was not served within the 120 days required by the statute.

APPEAL by the plaintiff, Oscar Wolven, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 4th day of June, 1907, upon the dismissal of the complaint, by direction of the court at the close of the plaintiff's case, on a trial at the Kings County Trial Term.

*William C. Beecher* [*Rufus T. Griggs* with him on the brief], for the appellant.

*Edward P. Mowton,* for the respondent.

MILLER, J. :

The plaintiff's evidence tends to show that his injuries were caused by a negligent direction given by the defendant's foreman, whose duty appears to have been that of superintendence. The only question involved on this appeal is whether the notice of the time, place and cause of the injury was served in time to justify the submission of the case to the jury as an action by the servant

Second Department, April, 1909. [Vol. 132.

to recover damages, caused by an act of superintendence, by one whose sole and principal duty was that of superintendence.

The accident occurred on the 14th of October, 1903. The plaintiff sustained a compound fracture of the leg and was taken to a hospital. An effort was made to save the leg, but owing to complications it was found necessary to remove it, which was done on the 27th of February, 1904. The plaintiff left the hospital on the 30th of March, 1904, and the notice was served on the sixteenth of April. On the 2d of December, 1903, the plaintiff's wife, at his request, wrote to the defendant in reference to the plaintiff's injuries, and on the 4th of December, 1903, the defendant replied by a letter, the contents of which were communicated to the plaintiff. In that letter the defendant said : " In reference to any claim that you might make I would not deem it advisable until you know the result of the injury."

Section 2 of the Employers' Liability Act provides : " No action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time, place and cause of the injury is given to the employer within one hundred and twenty days * * * after the occurrence of the accident causing the injury or death." There can be no question that that notice is required to be given for the benefit of the employer as a condition precedent to the maintenance of an action. It is now too well settled to require the citation of authority that the performance of such a condition may be waived, and that to constitute a waiver it is necessary only that an intention to waive be manifested, either by words or acts. We do not understand that that proposition is seriously combatted by the respondent.

The respondent, however, contends that the defendant's letter did not manifest an intention to waive the service of the statutory notice within the prescribed time ; that it referred to a claim for damages and not to the notice required by the statute. If the language used was equivocal and open to different inferences the question was for the jury. I think that people quite commonly refer to the statutory notice as a claim, and we know that the notices, served to comply with the provision of the statute above quoted, usually contain a claim for a specific amount of damages. Certainly, most employers nowadays know of the statutory requirement, even if the employees

do not; and when the defendant advised the plaintiff through his wife not to make a claim until he knew the result of the injury, I think it probable that he had in mind the notice required by the statute; at least a jury would be justified in finding that he intended to consent that the service of the notice required by the statute be deferred until the extent of the injuries were known, and that the plaintiff was thereby led to defer giving the notice. · Thus we have in this case the element of estoppel, although that is not necessary to establish a waiver. (See *Clark* v. *West*, 193 N. Y. 349, and cases cited.) I am far from suggesting that the defendant intended to mislead the plaintiff, and assume that he wrote the letter from the best of motives — there is nothing in the record to suggest the contrary — but what his motives were is immaterial. The important question is, did he consent that the giving of the notice be deferred? I think a jury might find a consent acted upon by the plaintiff. If so, service of notice within a reasonable time after the extent of the injury was known was all that was required, and it cannot be said that two weeks after his removal from the hospital was an unreasonable time.

The judgment must be reversed and a new trial granted.

HIRSCHBERG, P. J., GAYNOR, BURR and RICH, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.