WOLVEN v. GABLER.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—ACTIONS—NOTICE OF INJURY—WAIVER OF STATUTORY REQUIREMENTS BY MASTER.

The notice of the time, place, and cause of the injury required to be given to the employer within 120 days after the accident as a condition precedent to the maintenance of an action for injury or death, under Employer's Liability Act (Laws 1902, p. 1749, c. 600) § 2, is for the employer's benefit, and may be waived by the employer manifesting such an intention, either by words or acts.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 284*)—INJURIES TO SERVANT—ACTIONS—QUESTION FOR JURY—NOTICE OF INJURY—WAIVER OF STATUTORY REQUIREMENTS BY MASTER.

Where a servant was injured in the master's employment and confined in a hospital, whether the master, by a letter written to the servant's wife, stating that he would not deem it advisable to make any claim until the result of the injury was known, the contents of which was communicated to the servant, waived the giving of notice of the injury within 120 days from the date of the accident causing it, as expressly required by Employer's Liability Act (Laws 1902, p. 1749, c. 600) § 2, *held* to be for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 284.*]

3. MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—ACTIONS—NOTICE OF INJURY—WAIVER BY MASTER—ESTOPPEL.

If the master intended by his letter to consent that the service of the notice be deferred until the extent of the injuries were known, and the servant was thereby led to defer giving notice, the master's estoppel to object that the notice was not given within the time required by the statute would be involved, though estoppel is not necessary to establish a waiver.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 252.*]

4. MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—ACTIONS—NOTICE OF INJURY—WAIVER OF STATUTORY REQUIREMENTS BY MASTER.

If the master consented that the giving of the notice be deferred, and the servant acted upon the consent, service of the notice within a reasonable time after the extent of the injury was known would be sufficient, and the notice given two weeks after he was removed from the hospital would not be after an unreasonable time.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 252.*]

Appeal from Trial Term, Kings County.

Action by Oscar Wolven against John C. Gabler. Judgment of dismissal, and plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

William C. Beecher, for appellant.
Edward P. Mowton, for respondent.

MILLER, J. The plaintiff's evidence tends to show that his injuries were caused by a negligent direction given by the defendant's foreman, whose duty appears to have been that of superintendence. The only question involved on this appeal is whether the notice of the time, place, and cause of the injury was served in time to justify the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

submission of the case to the jury as an action by the servant to recover damages, caused by an act of superintendence, by one whose sole and principal duty was that of superintendence.

The accident occurred on the 14th of October, 1903. The plaintiff sustained a compound fracture of the leg and was taken to a hospital. An effort was made to save the leg; but, owing to complications, it was found necessary to remove it, which was done on the 27th of February, 1904. The plaintiff left the hospital on the 30th of March, 1904, and the notice was served on the 16th of April. On the 2d of December, 1903, the plaintiff's wife, at his request, wrote to the defendant in reference to the plaintiff's injuries; and on the 4th of. December, 1903, the defendant replied by a letter, the contents of which were communicated to the plaintiff. In that letter the defendant said:

"In reference to any claim that you might ·make, I would not deem it advisable until you know the result of the injury."

Section 2 of the employer's liability act (Laws 1902, p. 1749, c. 600) provides:

"No action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time, place and cause of the injury is given to the employer within one hundred and twenty days * * * after the occurrence of the accident causing the injury or death."

There can be no question that that notice is required to be given for the benefit of the employer, as a condition precedent to· the maintenance of an action. It is now too well settled to require the citation of authority that the performance of such a condition may be waived, and that to constitute a waiver it is necessary only that an intention to waive be manifested, either by words or acts. .We do not understand that that proposition is seriously combated by the respondent.

The respondent, however, contends that the defendant's letter did not manifest an intention to waive the service of the statutory notice within the prescribed time; that it referred to a claim for damages, and not to the notice required by the statute. If the language used was equivocal, and open to different inferences, the question was for the jury. I think that people quite commonly refer to the statutory notice as a claim; and we know that the notices, served to comply with the provision of the statute above quoted, usually contain a claim for a specific amount of damages. Certainly, most employers nowadays know of the statutory requirement, even if the employés do not; and when the defendant advised the plaintiff, through his wife, not to make a claim until he knew the result of the injury, I think it probable that he had in mind the notice required by the statute—at least a jury would be justified in finding that he intended to consent that the service of ·the notice required by the statute be deferred until the extent of the injuries were known, and that the plaintiff was thereby led to defer giving the notice. Thus we have in this case the element of estoppel, although that is not necessary to establish a waiver. See Clark v. West, 193 N. Y. 349, 86 N. E. 1, and cases cited.

I am far from suggesting that the defendant intended to mislead the plaintiff, and assume that he wrote the letter from the best of motives. There is nothing in the record to suggest the contrary. But what his

motives were is immaterial. The important question is: Did he consent that the giving of the notice be deferred? I think a jury might find a consent acted upon by the plaintiff. If so, service of notice within a reasonable time after the extent of the injury was known was all that was required; and it cannot be said that two weeks after his removal from the hospital was an unreasonable time.

The judgment must be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.