ALEXANDER GERBER, Respondent, v. KALMAR, PUCK & ABRAHAMS CONSOLIDATED, INC., Appellant.

(Supreme Court, Appellate Term, First Department, July, 1918.)

Contracts — of    employment — construction    of — trial — parties — judgments.

By a contract of employment at a weekly salary plaintiff agreed to write and deliver to defendant during the term a certain number of complete and original musical compositions, all of which should be satisfactory and approved of by defendant and at least two of them were to be delivered in each and every month, the title of all of them to be in defendant, and, as a further consideration, defendant agreed, at the end of one year, provided the agreement was in force and plaintiff should have fully performed on his part, to pay him $500. At the close of the plaintiff's case, in an action to recover said amount, though it appeared that plaintiff had resigned after having worked for thirteen months during which time his salary had been regularly paid, he admitted that the phrase " complete musical compositions " comprised words and music and that he had written no music. Held, that no question of fact was involved, and that the denial of a motion to dismiss the

complaint on the ground that the plaintiff had not fully performed his agreement, made at the close of the plaintiff's case and renewed at the close of the entire case with the same result, and the submission to the jury of the question whether plaintiff had performed his agreement, was error calling for reversal of a judgment in his favor.

Defendant's indulgence in paying plaintiff his weekly salary did not amount to a relinquishment of defendant's right to insist upon full performance before the entire contract price became due to plaintiff.

While unimportant details or conditions or methods of performance may be waived, varied or even sometimes disregarded, the omission of one party to a contract to supply half the consideration he had agreed to deliver for corresponding compensation cannot be disposed of by any plea of "substantial performance " "accepted or substituted performance " or any "construction " placed upon the contract by the parties.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, in favor of plaintiff, after a trial by a judge with a jury.

Max D. Josephson, for appellant.

O'Brien, Malevinsky & Driscoll (Arthur F. Driscoll, of counsel), for respondent.

Bijur, J. Plaintiff sued for the recovery of $500 pursuant to the terms of a contract between himself and the defendant. Under the agreement, which was made December 19, 1916, the plaintiff (termed the composer) entered the employ of the defendant.

Paragraph 3 provides: " The Composer agrees to conceive, create, compose, write and deliver to the Company, in each year during the term of this contract, at least twenty-four (24) complete and original musical compositions, all of which compositions shall be satisfactory to and approved by the Company, and the composer shall deliver at least two (2) com-

plete musical compositions in each and every month during the term hereof, and vest the title to all of the same in the Company, and in each and every instance when a composition is delivered hereunder the Composer shall obtain a receipt therefor from the Company.''

Paragraph 11 reads: ''As a further consideration for the making of this agreement upon the part of said Composer, the Company thereby agrees that at the end of one (1) year, provided this agreement shall then be in full force and effect and provided that the Composer shall have fully performed this agreement on his part during such year, to pay to the Composer the sum of Five Hundred dollars ($500).''

In paragraph 10: '' The company * * * hereby promises and agrees to pay to the composer during the term hereof the sum of Fifty Dollars per week, payable on Saturday of each week.''

It was conceded that plaintiff had worked for the defendant until January 18, 1918; namely, one year and one month, after which he resigned. His weekly salary of fifty dollars had been regularly paid. On the other hand, plaintiff admitted that the phrase '' complete musical compositions '' comprised words *and music,* and that he had written no music for the defendant.

On this appearing, at the close of plaintiff's case, the defendant moved to dismiss on the ground that it was evident that the plaintiff had not fully performed his agreement, in reply to which the learned judge below said: '' From the evidence it would appear that the contract was in effect at the end of the year, and that they (defendants) accepted the situation as it was. I think I will let you go to the jury on the question whether he performed or not.''

Appellate Term, First Department, July, 1918. [Vol. 104.

At the close of the entire case the motion was renewed with the same result. When at that time the court submitted to the jury the question whether plaintiff had not "substantially performed" his contract, the defendant excepted and asked for a charge in effect that the plaintiff was not entitled to recover.

It is evident that no question of fact was involved. This was not a case for the application of the principle of "substantial performance," which, as explained in *Spence* v. *Ham,* 163 N. Y. 220, 225, " is performance." There was no doubt upon the evidence that plaintiff had failed to perform an integral and very substantial part of his contract.

The question of law which arises in the case is peculiar and depends for its solution upon a proper appreciation of the meaning and effect of a waiver. In this connection respondent refers to the fact that defendant contended that plaintiff was not entitled to the $500 " for the first time," " after one year of faithful and harmonious service on the part of the plaintiff." He also says: " If there was an obligation on the part of the plaintiff to write music that performance *was waived by the defendant company."* Were there a question of fact as to plaintiff's nonperformance of the contract the payment of the weekly wage without criticism might be persuasive and certainly some evidence of performance in the nature of an implied admission, but in face of plaintiff's testimony that he had not performed a substantial part of his agreement it can have no effect on that fact.

Although a waiver has been defined as the intentional relinquishment of a known right (*Clark* v. *West,* 193 N. Y. 349, 360), that sententious definition is not of particularly practical value. The more concrete expression of the idea would probably be to say

that it was the abandonment of the right to insist upon a forfeiture or a termination of the rights of another party because of the breach or the failure to perform a condition on his part. In this sense it has been repeatedly applied to prevent the escape from liability on the part, for example, of an insurance company for failure of the insured to present proofs of claim in an appropriate form or to submit to an examination before payment of the amount of defendant's liability, or for other similar deficiencies in the performance or observance of conditions on the part of the insured. *Titus* v. *Glens Falls Ins. Co.,* 81 N. Y. 410; *Kiernan* v. *Dutchess County Mut. Ins. Co.,* 150 id. 190; *Draper* v. *Oswego County Fire Relief Assn.,* 190 id. 12. A common application of the doctrine is also to be found in cases of breach of contract where the innocent party, by continuing to accept performance, relinquishes his right to terminate, or, as it is sometimes loosely called, "rescind" the contract for such breach. It is to be observed, however, that in such cases the innocent party does not lose the right to insist upon performance, but only to insist upon performance at the time originally fixed. In other words, what is waived is the time and sometimes the place of performance, or other similar incidents to the main consideration. After such a waiver a notice to the defaulting party, insisting upon performance within a reasonable time, is necessary before a *total default* can be declared. *Taylor* v. *Goelet,* 208 N. Y. 253.

It is also significant that in such cases the innocent party preserves his right by way of counterclaim for damages for the delay. *Deeves* v. *Manhattan Life Ins. Co.,* 195 N. Y. 324. The defaulting party in such cases, however, becomes entitled to the agreed compensation *only after he has completed his perform-*

*ance* — delayed though it may be. While it is true that so long as a contract remains purely executory and before any breach has occurred it may be modified by mutual consent, after a right of action for a breach has accrued that right can be discharged only by a release or upon some new consideration. *McKnight v. Dunlop,* 5 N. Y. 537, 544.

The actual consideration for a contract cannot be waived. As was said by the Court of Appeals in *Clark v. West,* 193 N. Y. 349, 359: " In the case at bar, as we have seen, the waiver is not of the consideration or subject-matter, but of an incident to the method of performance."

Applying these rules to the case at bar, it will be evident that at the end of the first month, when plaintiff had already failed to perform his agreement according to the terms thereof, defendant would have been at liberty to terminate the agreement; but that by continuing the plaintiff in its employ it waived that right for the time being. At the end of each subsequent month, the breach being repeated for that month, defendant's rights remained the same — except to the extent that a continuance of this " course of dealing " on the part of the defendant *may* have permitted the inference by plaintiff that it waived the right *to terminate the contract* for plaintiff's breach until it gave him reasonable notice to complete performance. *Williams* v. *City of New York,* 130 App. Div. 182; *Cranford Co.* v. *City,* 150 id. 195; affd., 211 N. Y. 534. The same situation existed at the end of the year. Defendant's indulgence, however, in paying plaintiff the *weekly compensation* due up to that time amounted to no relinquishment of its right *to insist upon performance* before the *entire contract price* became due to plaintiff.

It is to be noted that the instant case does not deal

with the right or the assertion of a right on the part of the defendant, but with a claim of plaintiff for compensation as for full performance, although he had concededly only performed one-half. If I buy four horses for $400, delivery and payment to occur, let us say, coincidently at some future date, and the vendor on that date delivers only two horses, do I, although I pay the $400, "waive" the other two horses, or my right to insist upon their delivery within a reasonable time? If I do, then it seems to me it must equally follow that if I voluntarily pay in advance for all the horses I would waive my right to all, and thus the vendor would have my $400, but I would have nothing.

The error of the respondent's position lies in the assumption that because of defendant's indulgence he has secured a release from the obligation of his contract to give the consideration to which defendant was and is still entitled. Neither indulgence nor silence is the equivalent of a release. *Ackerman* v. *True,* 175 N. Y. 353. It seems almost axiomatic to reassert that plaintiff's obligation to perform before he can be compensated, according to the terms of his agreement, persists notwithstanding his own default. *Frankfort Co.* v. *William Prym Co.,* 237 Fed. Repr. 21, 25, 28, 29; *Matter of Denoyers Shoe Co.,* 227 id. 16, 18.

These considerations are emphasized in the case at bar by the fact that the provision for the payment of the $500 at the end of the year is embodied in a separate paragraph, which provides expressly that the payment of the $500 is a "*further consideration* for the making of this agreement upon the part of the composer.''

It is urged by the respondent that the defendant-appellant is "bound by the construction they them-

selves have placed upon the contract." This is based upon evidence which respondent's counsel says showed " That plaintiff collaborated with the regularly employed music writers of plaintiff's company, plaintiff writing the words or lyrics of the different songs *and the music writers writing the music.* Defendant does not contend that this fact was unknown to the defendant. * * * The parties, therefore, have placed upon the contract a construction that plaintiff in writing the songs was free to collaborate with the music writers regularly employed by the defendant, plaintiff writing the words and the other writers the music." The argument, it must be conceded, is plausible at least until analyzed. It must be noted, however, that by his agreement " The composer agrees *to conceive, create, compose, write and deliver* to the company * * * twenty-four complete and original musical compositions." He concedes that he did not do so. What he did was, in substance, to perform one-half of his obligation, and he now appeals to the fact that the defendant supplied the other half at its own expense and from its own means as showing that the defendant placed a different " construction " upon the agreement. This is merely a different and perhaps more specious form of argument in favor of the application of the doctrine of " substantial performance." The contract requires no construction. It is complete, clear and unequivocal in every detail.

Reverting again to the illustration of an agreement to furnish four horses and making a delivery of only two; can it be said that because the purchaser supplied himself with what he needed, namely, the other two, out of his own means and from other sources — that he either placed a different construction upon the entirely unambiguous contract or accepted the seller's

default as substantial compliance? In a certain sense, in this as in so many other cases, the question of degree becomes important if not ultimately determinative. Holmes, J., in *Rideout* v. *Knox,* 148 Mass. 368, 372. But we are really confronted with the primal consideration, even apart from the question of degree, that while unimportant details or conditions or methods of performance may be waived, varied or even sometimes disregarded, the omission of one contracting party to supply half the consideration which he had agreed to deliver for corresponding compensation cannot be disposed of by any plea of " substantial performance," " accepted or substituted performance " or any " construction " placed upon the contract.

Judgment reversed and new trial granted, with thirty dollars costs to appellant to abide the event.

Guy and Weeks, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.