# SUPREME COURT.

WILLIAM B. NEWBERRY and another, appellants, agt. SAMUEL
FURNIVAL and another, respondents.

It is undoubtedly the rule that when a witness on *cross-examination* testifies
to a *collateral matter*, the party making the cross-examination is not
allowed to contradict that testimony, because a contrary rule would lead
to the trial of numerous collateral issues.

But this rule never applies to testimony which is not collateral and which
is material to the issue.   When a party on cross-examination brings out
evidence material to the issue, he is not necessarily bound by it, but may
contradict it by other testimony.

In an action for alleged breach of contract in defendants refusing to receive
and pay for certain goods which the plaintiffs contracted to sell to them,
subsequently to arrive in a designated vessel, in order to recover it is
necessary for the plaintiffs to show the delivery or a readiness and offer
to deliver the *whole quantity* of goods.

Where a *part* of the goods arrive, if the defendants, knowing this fact,
accept it, this probably will be a waiver, or if they make no objections
to a delivery of the whole at that time, but affirmatively refuse to receive
them on some other ground, this probably would constitute a waiver of
delivery of the whole.

*First Department, New York General Term, November,*
1873.

*Before* INGRAHAM, *P. J.,* BRADY *and* LEARNED, *JJ.*

THIS is an action to recover for alleged breach of contract,
in that the defendants refused to receive and pay for certain
jute hemp which the plaintiffs contracted to sell to them.

The written contract is annexed to the complaint, and is as
follows:

"DANIEL L. STURGIS, Hemp Broker, ⎫
"117 Wall Street, ⎬
"NEW YORK, *May* 19, 1870. ⎭

"Sold for account of Messrs. Newberry & Son, to Messrs. Furnival & Ritchy, four hundred and thirty-one (431) bales jute hemp, to arrive from London per ship Robena, in good order and free from damage, at five and three-fourths cents per pound, gold, cash, payable fifteen days from delivery alongside vessel, purchaser to advance gold sufficient to pay duties.

"DANIEL L. STURGIS, *Broker*.

"Accepted—FURNIVAL & RITCHY."

LEARNED, *J.*—It is found by the referee—and the finding is sustained by the evidence—that in this transaction Sturgis acted for the seller and not for the defendants.

When the ship Robena arrived she brought only 343 bales for the plaintiffs. The remaining eighty-eight bales subsequently arrived by another ship about a month later. On the arrival of the Robena the plaintiffs delivered Sturgis an order for the delivery of 344 bales of jute to Furnival & Ritchy. By means of this order Sturgis procured the delivery of the jute to him and stored it in his name in a public store. On the arrival of the Robena, Furnival examined the jute on the dock, and went to Sturgis and told him it was not the hemp he agreed to purchase, and refused to take it on that ground, assigning no other reason. He had no knowledge or notice then that the whole 431 bales, called for by the contract, had not arrived.

The referee further finds that neither the whole nor any part of the jute was ever offered or tendered to defendants by the plaintiffs.

He finds that the jute was merchantable. It can hardly be disputed that, in the sale of the jute, Sturgis was agent for the plaintiffs. He testifies that he was employed by them to sell the jute, and the contract itself shows that he

was not the agent of the defendants because they signed it themselves. So also, on the arrival of the Robena, Sturgis asked the defendants for money to pay the duties. Sturgis did not act as the agent of the defendants in any of the dealings between the parties. Such was the opinion of the referee, and it seems to be sustained by the evidence.

It is insisted, however, on this point as to the agency of Sturgis, that the referee erred in the exclusion of certain evidence. On the cross-examination by the defendants of Sturgis, who was the plaintiffs' witness, he testified that he told one of the defendants that the plaintiffs could not deliver the full number of bales at that time. Subsequently that one of the defendants was called and contradicted this statement. The plaintiffs insist that this was error, and cite *Crounce* agt. *Fitch* (6 *Abb. N. S.*, 185, &c.), and other cases. It is undoubtedly true that when a witness on cross-examination testifies to a collateral matter the party cross-examining is not allowed to contradict that testimony. The reason of this is not that by this cross-examination the party cross-examining has made the witness his own. It is because a contrary rule would lead to the trial of numerous collateral issues; such too as the opposite party is not supposed to have expected to try. But this rule never applies to testimony which is not collateral, and which is material to the issue. When a party on cross-examination brings out evidence material to the issue, he is not necessarily bound by it, but may contradict it by other witnesses. In the present case the knowledge by the defendants, at the time when the first parcel of jute arrived, that the whole had not come, was very material. On the denial of a motion for a nonsuit the referee rested his denial in part on a waiver by the defendants as to the delivery of the whole of the jute. Of course there could be no waiver unless they knew that only part had arrived. Their knowledge, therefore, of this fact was material to the issue, and they had the right to contradict the testimony of Sturgis on this point.

Assuming, then, that Sturgis was not the agent of the defendants, none of his acts constituted a delivery to the defendants or an acceptance by them.

The case is then presented of an executory contract to deliver certain goods, to arrive by a designated vessel. In order to recover it was necessary for the plaintiffs to show the delivery, or a readiness and offer to deliver, the whole quantity (*Baker* agt. *Higgins*, 21 *N. Y.*, 397).

When a part of the jute arrived, if the defendants, knowing this fact, had accepted it, this would have been a waiver. Possibly, too, if, knowing this fact, they had made no objections, and had affirmatively refused on some other ground to receive the jute, this might have been a waiver. But it is found that they did not know that only a part had arrived, so that they waived nothing. The plaintiffs were not then in a condition to perform, and could not have performed their contract. Unless, therefore, their inability to perform was knowingly waived by the defendants, the plaintiffs cannot insist that the defendants shall carry out a contract which they themselves cannot. Undoubtedly there is a conflict of evidence as to the point whether the defendants knew that only part had arrived. And there is a further conflict as to the point whether the defendants had notice of the arrival of the remaining bales. But upon these points the finding of the referee is with the defendants. And the judgment of one who saw and heard the witnesses ought generally to be conclusive in such cases. So much must depend upon the appearance and manner of the witnesses that we ought to be reluctant to review findings of fact where there is a decided conflict between witnesses in their testimony.

The judgment should be affirmed, with costs.

INGRAHAM, P. J., and BRADY, J., concurred.