### HYMAN v. SOUTH COAST HOTEL CO.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

INNKEEPERS (§ 11*)—LIABILITY FOR LOSS OF PROPERTY—NEGLIGENCE.

In an action to recover the value of jewelry delivered to a hotel proprietor by a guest for deposit in a safe, not based entirely upon defendant's liability as an innkeeper, but on his affirmative negligence in taking the jewelry from the safe during a fire and thereafter so negligently caring for it as to result in its loss, the proprietor's liability is not limited to $250, as provided by the statute relating to the loss of property deposited for safe-keeping.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 17–40; Dec. Dig. § 11.*]

Burr, J., dissenting.

Appeal from Trial Term, Queens County.

Action by Florence D. Hyman against the South Coast Hotel Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

William D. McNulty, for appellant.

Joseph M. Callahan (Arthur E. Kaulfuss, on the brief), for respondent.

RICH, J. This appeal is by the plaintiff from a judgment in her favor in an action to recover the value of jewelry alleged to have been lost or destroyed by reason of the negligence of defendant, its agents and servants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On July 29, 1907, and for about a month prior thereto, the plaintiff with her husband were guests at the Long Beach Hotel, which was under the management of the defendant. She had in her possession jewelry of the value of $2,000, which it was her custom to place in the custody of the clerk, for deposit in the hotel safe, every morning, and to receive them back from him in the afternoon. Notices were posted in the several rooms of the hotel, advising guests that a safe was provided in the office for the safe-keeping of money, jewels, ornaments, and other valuable articles of small compass, and that unless so deposited the management would not be liable for the loss thereof. There were two compartments in the safe set aside as receptacles of the money, jewelry, and ornaments of guests. On the morning of July 28th the plaintiff gave her jewelry to the clerk for deposit in the safe, but did not take it out as usual that afternoon. At about half past 5 the following morning the hotel was totally destroyed by fire. Before leaving the burning building, the defendant's president and manager, with the assistance of some of his clerks, opened the safe and removed therefrom, as he supposed, all of the jewelry, which he put in a bag and carried to an adjoining building, called "The Inn," and put it under the mattress of a bed occupied by his wife, where it remained for four days, when it was taken to the Hotel Empire in New York City, and after an inventory had been made of its contents the bag was sealed. The plaintiff's jewelry was not then in the bag, and an examination of the hotel safe after the fire disclosed no trace of it. Jewelry belonging to other guests was also missing and never found. It was conceded upon the trial that no jewelry was returned to plaintiff after the fire and that a demand therefor had been made.

The plaintiff's cause of action is based solely upon defendant's negligence, which is denied, and the answer sets up as a partial defense that the safe was provided for the keeping of valuables, the posting of notices of such fact, and that no special agreement in writing was made for the safe-keeping of plaintiff's jewelry, and these allegations are supported by the evidence. When the plaintiff rested her case, the learned trial justice granted defendant's motion to strike out all evidence of value of the jewelry over and above $250, on the ground that if there was any liability on the part of defendant it was limited by the statute to $250. The case was submitted to the jury as one of negligence. The court charged that:

"The mere fact that it was lost does not entitle the plaintiff to a verdict. The plaintiff must go beyond that and show it was lost through negligence, and you must be able to put your finger on the negligence, point it out and say, 'Yes, that is the act of this proprietor or of his employés which was negligent, therein did he fail to do his duty, and because he thus failed he must pay.' The question of fact submitted to you is: Was there such negligence? If so, the plaintiff is entitled to recover $250."

The plaintiff requested the court to charge that, if negligence was found, she was entitled to a verdict for the value of her property lost, which was refused and an exception taken. These exceptions present the only question we are called upon to consider. The plaintiff's

jewelry being in defendant's possession when the fire broke out, its liability for a return thereof continued after the destruction of the hotel. It was delivered by plaintiff to the hotel clerk on the morning of July 28th, and he testified that he always put guests' jewelry delivered to him in the safe. It was not found when the safe was opened the second time, and the jury would have been warranted in finding that the jewelry was among that put in the bag while the fire was in progress. If the jewelry was placed in the bag, it may have been taken therefrom before it was opened at the Hotel Empire. There is no proof that the bag had been sealed before that time. There is no proof as to who handled the bag during that time, or who had access to it. The statute provides that a hotel proprietor, manager, or lessee is not obliged to receive property on deposit for safe-keeping exceeding $500 in value, and if he does that he shall not be liable for any loss thereof sustained by such guest or traveler by theft or otherwise, in any sum exceeding the sum of $250, unless by special agreement in writing with such proprietor, manager, or lessee.

This action is not based entirely upon the liability of the defendant as an innkeeper, but rests upon the affirmative negligence of its president and manager in the care of the jewelry after it was taken from the safe during the progress of the fire. If the plaintiff's jewelry was destroyed by fire while in the defendant's safe, its liability is limited under the provisions of the statute to $250; but if the jewelry was taken from the safe during the progress of the fire, in an uninjured condition, by defendant's president and manager, and he omitted upon demand made the morning of the fire to deliver it to its owner, the plaintiff, and thereafter so carelessly and negligently cared for it as to result in its loss, the statute invoked does not limit the liability of the defendant. The jury should have been so instructed, and the error of the trial court in limiting the defendant's liability to $250 presents reversible error.

Judgment and order reversed, and a new trial granted; costs to abide the event.

HIRSCHBERG and WOODWARD, JJ., concur. BURR, J., dissents.