state, should be competent to sue in its courts for the purposes of such administration, yet I do not perceive by what ingenuity of argument the language of the statute can be construed to permit it.

The order should be reversed, with $10 costs and disbursements, and the motion to set aside the summons be granted, with $10 costs.

---

### CLARKE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

1. CARRIERS (§ 408*)—CARRIER AS WAREHOUSEMAN—CARE OF BAGGAGE.

In an action to recover for the loss of plaintiff's baggage at the time of the burning of one of defendant's stations, evidence *held* to show a failure of the carrier to exercise the care which an ordinary person would have exercised under the circumstances.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1557–1571; Dec. Dig. § 408.*]

2. CARRIERS (§ 405*)—LOSS OF BAGGAGE—LIABILITY.

Where plaintiff did not state to the carrier the value of his baggage, and no inquiry was made as to such baggage, on loss of the same, the recovery of the passenger was not limited to $150, under Public Service Commissions Law (Consol. Laws 1910, c. 48) § 38.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1544–1549; Dec. Dig. § 405.*]

Howard, J., dissenting.

Appeal from Trial Term, Greene County.

Action by Fred G. Clarke against the New York Central & Hudson River Railroad Company. From a judgment in favor of the plaintiff upon the report of the referee for $1,943.35 damages and costs, defendant appeals. Affirmed.

Amos Van Etten, of Kingston, for appellant.
John L. Fray, of Catskill, for respondent.

PER CURIAM. [1, 2] The referee properly found the defendant liable for negligence in not using the care which an ordinary person as warehouseman would exercise under the same circumstances. Upon the authority of Robinson v. N. Y. C. & H. R. R. Co., 145 App. Div. 391, 129 N. Y. Supp. 1030, affirmed 203 N. Y. 627, 97 N. E. 1115, and Hyman v. South Coast Hotel Co., 146 App. Div. 341, 130 N. Y. Supp. 766, the recovery is not limited to $150 for each person.

The judgment is therefore affirmed, with costs.

HOWARD, J. (dissenting). It does not seem to me that the negligence of the defendant has been established. The fire occurred in the nighttime; it was dark; the station agent was there alone. Four colored men, strangers to him, came and told him of the fire; they gave him advice and offered to help him pull the baggage out. The agent did many things that were useless, as most people do on such occasions; but he did the one thing most important at such times—he attempted to put out the fire. Had he adopted the suggestion of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

colored men, he might have saved the plaintiff's baggage. But he was not bound to do this; he was only bound to use his best judgment. In times of excitement, like this, everybody is giving advice. The person in charge must think and decide with great swiftness, and he cannot always see that the advice which is offered is good; he cannot pick out the good advice from the bad. His rapid survey of the situation takes in and weighs many elements that the bystander does not know of and does not consider. The agent's first thought in this instance was to put out the fire and save the station; this was uppermost in his mind. He was custodian of the baggage, and it was for him to determine whether or not it would be proper to permit these four strange men to pull it out into the darkness, where he could no longer guard it. He had to glance about him and decide this question instantly. That these men were colored men signifies, of course, absolutely nothing in a legal sense. All races look alike before the law, and these men were, in truth, as the proof shows, honorable men; but the fact that they were colored men may have operated upon the agent in his hasty determination as to the proper course to pursue. After the thing has happened, it is easy to see what ought to have been done. Justice Brewer once said:

"A wisdom born after the event, is the cheapest of all wisdom. Anybody could have discovered America after 1492."

It was an error of judgment, not negligence, of which the agent was guilty, if he was guilty at all.

I think the judgment should be reversed, because of the failure of the plaintiff to establish the negligence of the defendant, and a new trial granted.