### CHATILLON v. CO-OPERATIVE APARTMENT CO.

(Supreme Court, Special Term, New York County. April, 1915.)

INNKEEPERS ⬥⟶11—LOSS OF GUEST'S PROPERTY—LIABILITY.

An innkeeper, which maintained an iron safe to receive money and jewels of guests, requested a guest to change her apartments, and agreed to remove her effects to the new apartment. Through the negligence or dishonesty of its servants, a jewel case belonging to the guest was lost. Held, that the innkeeper was liable, notwithstanding General Business Law (Consol. Laws, c. 20), § 200, declaring that an innkeeper, having provided an iron safe for the receipt of jewels and money, shall not be liable for a guest's loss of those articles retained.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 3, 17–40; Dec. Dig. ⬥⟶11.]

Action by Dorothy Palmer Chatillon against the Co-operative Apartment Company. On motion by plaintiff for an order sustaining a demurrer to the first affirmative defense. Motion granted.

J. Frank McDavitt, of New York City (J. Boyce Smith, Jr., of New York City, of counsel), for the motion.
Campbell & Boland, of New York City, opposed.

GIEGERICH, J. The plaintiff has moved for an order sustaining her demurrer to the first separate defense set up in the answer. The action is brought to recover the value of certain jewels contained in a jewel case which was lost while the defendant, a hotel keeper, was moving the goods of the plaintiff from one suite of rooms in the hotel to another suite, which the defendant, for its own purposes and accommodation, requested her to accept and occupy instead of the rooms theretofore occupied by her. The complaint further alleges that the defendant agreed to safely move the plaintiff's belongings from the

one suite of rooms to the other, but that the jewel case and its contents were lost or stolen through the negligence or dishonesty of the defendant and its servants.

The defense demurred to sets up that the defendant provided a safe for keeping money, jewels, and ornaments belonging to guests, and notified its guests thereof by notices posted in the hotel, and that the plaintiff neglected to deliver the jewels in question to the defendant for deposit in such safe. If the plaintiff's cause of action were based upon the common-law liability of an innkeeper as an insurer of the property of guests, quite irrespective of any question of negligence, the protection afforded by section 200 of the General Business Law would doubtless apply and the defense challenged would be good. The plaintiff's action, however, is not based entirely upon the liability of the defendant as an innkeeper, but upon the negligent or dishonest acts of the defendant or its employés. This distinction was pointed out by the court in Hyman v. South Coast Hotel Co., 146 App. Div. 341, 130 N. Y. Supp. 766, where it was held that the hotel keeper was liable for the full value of a guest's jewelry deposited in the safe, but lost through the negligence of the hotel keeper in failing to take proper care of the contents of the safe after removing and carrying such contents away from the hotel because of a fire which occurred there.

On behalf of the defendant it is argued that, as the defendant had no knowledge at the time it made the agreement to safely move the plaintiff's belongings that there was any jewelry among such belongings, the defendant ought not to be held to have waived the statute, since it did not know of the existence of the facts which formed the basis of the alleged waiver (citing Clark v. West, 193 N. Y. 349, 86 N. E. 1; Draper v. Oswego, etc., Ass'n, 190 N. Y. 12, 82 N. E. 755; Newberry v. Furnival, 46 How. Prac. 139, affirmed 56 N. Y. 638). It is by no means clear that there is any question of waiver in the case at all; but, if there were, the cases cited are not in point. There is no question here of the defendant's knowledge of the facts giving rise to the right which it now seeks to set up. The right it relies on is the protection afforded by the statute mentioned to innkeepers, and no claim can be made, of course, of ignorance of that statute. But, in any event, there could be no question of the waiver of that protection, because it was not intended to apply to the state of facts alleged by the plaintiff. That statute protects an innkeeper as an insurer, but has no effect upon his liability for the negligent performance of a special contract with a guest.

The plaintiff's motion for an order sustaining the demurrer is granted, with $10 costs.