IRMA SHAINE, Plaintiff, *v.* S. JACOBSON, INC., Defendant.

Supreme Court, New York Special Term, October, 1923.

Inns and innkeepers — action for loss of jewels based on negligence — innkeepers still insurers of guests' property despite General Business Law, section 200 — pleadings — allegation in answer asserting a liability of not more than $250 stricken out.

Notwithstanding section 200 of the General Business Law innkeepers are still insurers of the safety of the property of their guests.

The plaintiff, a guest of the defendant, an innkeeper, delivered her jewels to him for safekeeping on a certain evening and they were placed in a safe. When she called for them on the following morning she was informed that her property had been stolen. In an action based on negligence to recover for the loss the answer admitted the theft but by way of separate defense pleaded said section of the General Business Law and asserted a liability of not more than $250. *Held*, that the separate defense could not be sustained and a motion to strike it out should be granted.

MOTION to strike out separate defense.

*Shaine & Weinrib*, for plaintiff.

*E. W. Lackey*, for defendant.

ERLANGER, J. Innkeepers are still insurers of the safety of the property of their guests, notwithstanding section 200 of the General Business Law. The only effect of that statute is to so far modify their common-law liability that it does not extend to money, jewels or ornaments not deposited in the safe provided for that purpose, where the innkeeper has complied with the provisions of the act on his part. When a deposit is made the law fixes the maximum recovery. If the guest is free from negligence, the innkeeper is liable, without proof of negligence, unless excused by the act of God or the public enemy. The plaintiff delivered her jewels and money to the defendant for safekeeping on the evening of the 4th of August, 1923, and they were placed in a safe. When she called for them on the following morning she was informed that her property had been stolen. The defendant in its answer admits the theft, but by way of separate defense pleads the act in question and asserts a liability of not more than $250. This was the maximum recoverable in the event a deposit was made prior to the amendment of the statute in 1923. Since that amendment the limit was increased to $500 in the absence of a special agreement in writing. Motion is now made to strike out the separate defense. The theory of the action is based on negligence. It is conceded in plaintiff's memorandum that such is its gist. Does the act in question refer to a complaint so predicated? In my view it does not. If it were otherwise held, an innkeeper in any form of action could limit his liability to $500, though guilty of the grossest negligence and neglect, but such is not the law. Whart. Neg. (2d ed. 1878) § 689. I think the defense cannot be sustained.

Motion granted, with ten dollars costs.

Order signed.

**Ordered accordingly.**