LILLIAN HONIG, Plaintiff, *v.* BENJAMIN C. RILEY, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District

April 15, 1925.

**Innkeepers — bailments — action to recover value of fur coat based on defendant's negligence — plaintiff on depositing coat in check room of restaurant obtained check but did not state value of coat to be in excess of seventy-five dollars — General Business Law, § 201, limiting liability of innkeeper to seventy-five dollars in event no value is placed on garment when deposited by patrons and to one hundred dollars when value is stated not applicable, where claim for loss is predicated on negligence — verdict neither against weight of evidence nor excessive.**

Section 201 of [the General Business Law, limiting the liability of a hotel or restaurant to $75 for the loss of property deposited by guests or patrons in the parcel or check room when no value is stated, and to $100 when it is stated and receipt is given, does not limit the liability of hotel and restaurant keepers, where the property is lost through either fault or negligence.

Accordingly, defendant, a restaurant keeper, is liable in an action based on negligence to recover the value of a fur coat lost while plaintiff was a patron at defendant's restaurant, where it appears that plaintiff, though obtaining a check upon depositing the garment in the check room of the restaurant, did not state that the value was in excess of seventy-five dollars.

Moreover, a verdict for the plaintiff in the sum of $850 should not be set aside, since it is neither against the weight of evidence nor excessive. The usual rule as to market value does not apply to used wearing apparel and household goods. The owner, in such cases, may recover the value of the articles based upon his actual money loss.

MOTION to reduce verdict in action to recover value of fur coat deposited by plaintiff in one of the cloak rooms in defendant's restaurant.

*Jacob J. Lazaroe [Aaron Honig of counsel], for the plaintiff.*

*Henry Fluegelman, for the defendant.*

SPIEGELBERG, J.:

This action was brought to recover the value of a fur coat. The defendant maintains a restaurant in the city of New York. The

plaintiff with a party of friends were guests at his restaurant on New Year's Eve of 1924. The plaintiff deposited her fur coat in one of the cloak rooms of the restaurant. When she called for it on the morning of January 1, 1925, it could not be found. This action is brought upon the theory that the coat was lost through the negligence of the defendant in not properly taking care of the plaintiff's property. The jury brought in a verdict for the plaintiff in the sum of $850. The motion to set aside the verdict upon the usual grounds was denied. The court, however, entertained a motion to reduce the verdict to the sum of seventy-five dollars, on which decision was reserved.

The determination of the motion depends upon the construction to be given to section 201 of the General Business Law. Section 201 was added by chapter 506 of the Laws of 1924 and went into effect on May 1, 1924. The former section 201, as amended by Laws of 1923, chapter 415, was expressly repealed by said chapter 506. The new section 201, so far as directly applicable to this case, reads: " * * * as to property deposited by guests or patrons in the parcel or check room of any hotel or restaurant, the delivery of which is evidenced by a check or receipt therefor and for which no fee or charge is exacted, the proprietor shall not be liable beyond seventy-five dollars, unless such value in excess of seventy-five dollars shall be stated upon delivery and a written receipt, stating such value, shall be issued, but he shall in no event be liable beyond one hundred dollars, unless such loss occurs through his fault or negligence."

In this case the plaintiff received a check upon the deposit of the fur coat but failed to state that the value was in excess of seventy-five dollars. It is maintained on behalf of the defendant that under these circumstances the limit of the plaintiff's recovery is the sum of seventy-five dollars. His learned counsel contends that the qualification of the sentence " unless such loss occurs through his fault or negligence " attaches only where the actual value is stated and a written receipt has been issued. In other words, the contention of the defendant is that where the guest fails to state a value in excess of seventy-five dollars he is limited in his recovery to that amount no matter whether the property was lost through the negligence of the restaurant keeper or not; that where such value is stated and a receipt is given but no negligence is shown, the limit of recovery is one hundred dollars; and that only where the greater value is given and a receipt is issued and at the same time negligence has been proven that the guest may recover the actual value of the property.

I do not agree with this contention. Though the Legislature.

might have used less involved phraseology, I believe that the meaning of the section is quite clear. It abolishes the unlimited liability of a restaurant keeper in all cases of bailment which, whether actual or constructive, is based upon the contractual obligation to return property intrusted to his care. In those cases the liability is limited to seventy-five dollars when no value is stated and to one hundred dollars when it is stated and receipt is given, but the limitation of liability is applicable in neither event when the claim is based upon the negligence of the restaurant keeper. Such a radical and startling change of the law as contended for by the defendant should not be accepted unless the unmistakable language of the statute compels it. Bearing in mind the ever-increasing habit of a large part of our urban population to visit restaurants, it is well nigh impossible to conceive, even if it were at all practicable, that in every instance the value of the property deposited in the cloak room be stated and a written receipt be exacted. Upon the defendant's contention a failure to do so would relieve the restaurant keeper from all liability in excess of seventy-five dollars. This would be nothing short of putting a premium upon the dishonesty of unscrupulous restaurant keepers.

In my opinion the clause " unless such loss occurs through his fault or negligence " embraces both contingencies, either where no value is declared or where the actual value is given. That this was the intention of the Legislature clearly appears when the entire section 201 be read. The first part deals with the liability of hotel keepers only. It provides in substance: *First,* that a hotel keeper shall not be liable for loss of property in a room assigned to a guest for any sum exceeding $500; *second,* that he shall not be liable in any sum exceeding $100 for the loss of any property delivered to him for storage in any place other than in the room assigned to the guest, unless the value in excess of $100 shall be stated and a written receipt be issued, but in no event shall he be liable beyond $500; *third,* that the hotel keeper shall not be liable for loss of merchandise for sale unless the value thereof has been given and a receipt issued therefor, and limiting the liability to the sum of $500. In each of these three cases the same excepting clause is repeated each time in regard to the loss or damage occurring through the fault or negligence of the hotel keeper. It is very significant that in the second contingency hereinabove referred to, the phraseology is exactly the same as in the paragraph applicable to restaurant keepers. We find there the limitation of $100 for loss of property delivered for storage followed by the sentence likewise beginning with " unless," namely, " unless at the time of delivering the same for storage or safe keeping such value in excess

of one hundred dollars shall be stated and a written receipt, stating such value, shall be issued by such keeper." This language is followed, as in the clause under consideration, with " but in no event shall such keeper be liable beyond five hundred dollars." Then follows again the provision " unless it shall appear that such loss occurred through his fault or negligence." We have, therefore, a well-considered, though not so well-expressed, scheme limiting the liability of hotel keepers and restaurant keepers except where the property is lost through their fault or negligence.

Even if the statute did not contain the fault and negligence clause, the plaintiff would be entitled to recover. In *Hyman* v. *South Coast Hotel Co.* (146 App. Div. 341) the court held that under the statute as it then existed, which limited the liability of an innkeeper to $250 where no special agreement in writing had been made, the limitation does not apply where the action is based upon the innkeeper's affirmative negligence in failing to care for the property. That case was followed in *Chatillon* v. *Co-operative Apartment Co.* (90 Misc. 108) which holds in substance that the protection of the statute may be invoked only where the cause of action is based upon the liability of an innkeeper as an insurer of the property of his guests and that it has no application where the plaintiff's action proceeds upon the negligent or dishonest acts of the defendant or its employees. In *Shaine* v. *Jacobson, Inc.* (121 Misc. 590), the court considered the effect of section 200 of the General Business Law which provides for the deposit of money and valuables. In that case jewels had been left with the defendant for safe keeping and had been stolen. The defendant pleaded that his maximum liability was $250, which limit was increased by the amendment of chapter 417 of the Laws of 1923 to $500. The court held that the defense could not be sustained for the reason that the theory of the action is based on negligence. We have the same situation here. The plaintiff does not proceed upon any contractual obligation of the defendant, nor upon any violation of a common-law liability, but upon the ground that the property was lost through the carelessness of the defendant or his employees.

The learned counsel for the defendant also maintains that the verdict is against the weight of the evidence and for excessive damages. This motion was made and denied upon the coming in of the verdict, and is, therefore, disposed of. It may, however, be said that the jury was justified in finding for the plaintiff. A question of fact was involved, and the jury resolved it in favor of the plaintiff. As to the criticism that the verdict is excessive, suffice it to say that the usual rule as to market value does not apply to used wearing apparel and household goods. In such cases the

owner is not restricted to the price which could be realized by sale in the market. He may recover the value to him based upon his actual money loss. (*Lake* v. *Dye*, 232 N. Y. 209.)

The motion to reduce the verdict is denied.