LILLIAN HONIG, Respondent, *v.* BENJAMIN C. RILEY, Appellant.

Supreme Court, Appellate Term, First Department, January 15, 1926.

Innkeepers — bailment — General Business Law, § 201, limiting liability of innkeeper to seventy-five dollars in event no value is placed on garment not applicable where negligence shown — words "fault or negligence" defined.

Section 201 of the General Business Law (as added by Laws of 1924, chap. 506) which provides that the liability of a hotel or restaurant keeper shall be seventy-five dollars for the loss of property deposited by guests or patrons in the parcel or check room when no value is stated, and shall be one hundred dollars when it is stated and a written receipt stating such value issued, "unless such loss occurs through his fault or negligence," does not limit the liability of hotel and restaurant keepers, where property is lost through either "fault or negligence."

The phrase "fault or negligence" as used in said statute includes all ways in which the article could disappear by act or omission of the restaurant proprietor.

GUY, J., dissents, with opinion.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Fifth District, in favor of plaintiff, entered upon the verdict of a jury, and from an order denying motion to reduce the verdict to seventy-five dollars in an action to recover the value of a fur coat left in check room of restaurant and lost while plaintiff was patron therein.

*Henry Fluegelman* [*David Klein* of counsel], for the appellant.

*Jacob J. Lazaroe* [*Aaron Honig* of counsel], for the respondent.

MULLAN, J. The facts, and the statutory law invoked by the defendant, are sufficiently stated by Mr. Justice SPIEGELBERG, in his opinion in the court below (reported in 124 Misc. 809). I am not prepared to express any general opinion in respect of the legislative intent that governed the making of this remarkable statute (General Business Law, § 201, as added by Laws of 1924, chap. 506),* and I believe we should confine ourselves sharply to a decision upon the precise situation now before us. I agree with the learned trial justice that it is not conceivable that the Legislature intended that *no matter how* a coat or other bailed article might be lost to the bailing guest, he should be restricted in his recovery to a maximum of seventy-five dollars, in case he failed to place a valuation upon the article, and to procure a writing stating such valuation. From such a construction it seems to me that it would necessarily follow that the Legislature intended to permit the proprietor of a restaurant to *steal* a coat, or other bailed article, having a value in

---

* Since amended by Laws of 1925, chap. 400.—[REP.

excess of seventy-five dollars, and be civilly liable only to the extent of seventy-five dollars. Of course, no matter what it was that the instigators of this legislation may have had in mind to accomplish, there was no intention on the part of the Legislature to work such an immoral and unconstitutional result. If the " fault or negligence " phrase is not to be deemed placed after, and made part of, the seventy-five dollars maximum clause, the seventy-five dollar sum is a maximum even if the loss were due to the bailee's " fault." The words " fault or negligence " were apparently intended completely to cover all the ways in which, by the act or omission of the restaurant proprietor, the bailed article could disappear. Theft, or intentional conversion, would thus come within the meaning of " fault." As it is unthinkable that the Legislature should desire to cut down the civil liability for theft, I believe we are required so to read the statute as to prevent such a construction of it; and I thus conclude, as did the learned justice below, that the " fault or negligence " phrase was intended to attach to the seventy-five dollars maximum provision. Perhaps, because of the presumption (*Claflin* v. *Meyer*, 75 N. Y. 260) we are concluding that the Legislature said a wholly unnecessary thing; but, at least, by incorporating the phrase as to " fault or negligence " we are acquitting the Legislature of saying a meaningless thing.

Judgment and order affirmed, with twenty-five dollars costs, with leave to defendant to appeal to Appellate Division.

BIJUR, J. I concur for affirmance of the judgment below on the ground that, as the legislation (General Business Law, § 201, as added by Laws of 1924, chap. 506)* is ineffective, the law to be applied to the instant case remains as theretofore. Furthermore, as the learned justice below charged the jury that the burden of proving negligence was on the plaintiff without any reference to the presumption in his favor arising from non-return of the thing bailed, and as nevertheless the jury found for the plaintiff, the defendant has no cause for complaint. The new legislation seems to me to be incapable of satisfactory interpretation. While the phrase, that in case the proprietor of a restaurant issues an unvalued check he " shall not be liable beyond seventy-five dollars " might, if standing alone, be interpreted as limiting his liability absolutely in such case, the further provision that if a valued receipt be given " he shall in no event be liable beyond one hundred dollars, unless such loss occurs through his fault or negligence," is wholly meaningless because the mere failure to return the article bailed is *prima*

---

* Since amended by Laws of 1925, chap. 400.— [REP.

_facie_ proof of negligence. (_Claflin_ v. _Meyer_, 75 N. Y. 260.) Even assuming that this last qualifying phrase was intended to extend liability only in case of the issuance of a valued receipt, I do not think that the statute can be severed and the first part be held good and the second as meaningless, the entire act having evidently been intended to present a single and indivisible scheme of either limitation or extension of the proprietor's liability. I am not able to accord to this strangely phrased and vague enactment even the effect of impliedly changing either the burden of proof or the burden of going forward with the evidence, since neither the language nor the general scheme indicated is appropriate to that purpose.

I am inclined to think that justice requires that we assume that some inadvertent slip occurred in the drafting of the act and that the best disposition to be made of it is to hold that it is ineffectual to change the common law on the subject as it has existed for decades.

GUY, J. (dissenting). I am unable to concur in the decision of my learned colleagues for the reason that the language of the statute (General Business Law, § 201, as added by Laws of 1924, chap. 506)* is clear and explicit that " the proprietor shall not be liable beyond seventy-five dollars, unless such value in excess of seventy-five dollars shall be stated upon delivery and a written receipt, stating such value, shall be issued." The clause following this provision does not, in my opinion, in any way modify the preceding provision except to further provide, in effect, that, even where excess value is stated, and a receipt given, there shall be no recovery beyond $100, unless negligence is affirmatively established. Unless we declare the statute invalid, it is our duty to construe the statute to the best of our ability, and to declare its meaning. This duty is not performed by stating that the statute is unintelligible, nor is it in fact unintelligible in view of the clearly apparent purpose of the statute to prevent frauds against innkeepers and others coming within the protective provisions of the statute.

The learned trial justice erred in refusing to instruct the jury that plaintiff on the proof submitted by her could not recover in excess of seventy-five dollars, to which ruling an exception was taken, and also in refusing after verdict to reduce the amount thereof to seventy-five dollars.

The judgment should be modified by reducing the amount to seventy-five dollars, with costs in the court below, and as so modified affirmed, with twenty-five dollars costs to appellant.

---

* Since amended by Laws of 1925. chap. 400.— [REP.