Lillian Honig, Respondent, v. Benjamin C. Riley, Appellant.

First Department, June 4, 1926.

Innkeepers — liability — liability of restaurant keeper for loss of property deposited by guest in checkroom not limited by General Business Law, § 201 (as added by Laws of 1924, chap. 506), to seventy-five dollars where loss occasioned by proprietor's negligence.

Section 201 of the General Business Law (as added by Laws of 1924, chap. 506) providing that the proprietor of a restaurant shall not be liable for the value of property deposited by guests or patrons in the checkroom, the delivery of which is evidenced by a check or receipt, where no fee or charge is exacted, beyond seventy-five dollars unless such value in excess thereof shall be indicated upon delivery and a written receipt stating the valuation be issued, does not restrict the liability of a restaurant keeper to seventy-five dollars where the conditions are not complied with, if it is shown that the loss of the property deposited in the checkroom was due to the negligence of the proprietor.

Merrell, J., dissents, with opinion.

Appeal by the defendant, Benjamin C. Riley, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 15th day of January, 1926, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the plaintiff, and also affirming an order denying appellant's motion to reduce the verdict.

*Ralph O. L. Fay* of counsel [*David Klein* with him on the brief; *Henry Flugelman*, attorney], for the appellant.

*Aaron Honig* of counsel [*Jacob J. Lazaroe*, attorney], for the respondent.

Martin, J. The plaintiff, in the company of her husband and several friends, went to the defendant's restaurant, known as Arrowhead Inn, on New Year's Eve, where a table had previously been reserved. On arriving there the women were directed to proceed upstairs to check their coats, the room on the ground floor customarily used for this purpose having been reserved for the men.

The plaintiff and the other women in the party proceeded to a room on one of the upper floors, in which a part of the space had been temporarily set aside for checking ladies' apparel. The plaintiff delivered her coat to a woman in charge, receiving in return the usual coatroom check. She then went downstairs to the table reserved for her party. When she was ready to leave, at about three A. M. or three-thirty A. M. her coat was missing and it could not be found.

The room which was temporarily set aside for the checking of ladies' apparel led to the women's room, to enter which it was necessary to pass the temporary racks which had been set up. Attendants had been provided, but in their absence articles of apparel might be taken by any one going through to the wash room.

None of the attendants were produced upon the trial by the defendant, although two of them apparently were available. There is evidence that the attendants went into the wash room and left the racks wholly unguarded.

The testimony offered by the defendant indicated that employees and the other assistants had been provided to protect the property of patrons checked or found throughout the building at the times mentioned. Several persons seem to have been engaged in watching the premises, one of whom had been a confidential employee in the service of the United States; one was a person regularly employed by defendant and on the night in question was stationed upstairs " to see that no coats were taken away;" another was a friend of the defendant who had volunteered his services for New Year's Eve and who described his duty as watching to see if any crime or any unlawful acts were committed.

The head waiter says he stayed in the lobby of the entrance hall and once or twice went around among the tables. The head checker testified to having issued instructions to the attendants of the women's coatroom to look after their things.

The court submitted the issue of negligence to the jury. The jury found there was negligence and rendered a verdict for $850.

The only exceptions or requests to charge on the part of the defendant related to the contention that, under section 201 of the General Business Law (as added by Laws of 1924, chap. 506), its liability was limited to seventy-five dollars. Section 201 relates in part to property deposited by guests or patrons in the parcel or check room of a restaurant, the delivery of which is evidenced by a check or receipt, where no fee or charge is exacted. The proprietor is not liable for the value of · such property beyond seventy-five dollars unless such value in excess thereof shall be indicated upon delivery and a written receipt stating the valuation be issued. It is also provided that in no event shall there be liability to an extent greater than one hundred dollars unless such loss occur through fault or negligence of the keeper of the restaurant or hotel.

There is no doubt that the testimony justified a finding of negligence on the part of the defendant. At common law an innkeeper was held to be an insurer of property of guests such as clothing,

quite irrespective of any question of negligence. (*Purvis* v. *Coleman,* 21 N. Y. 111.)

This subject is now in part regulated by statute. A statute similar to that referred to above was construed in *Hyman* v. *South Coast Hotel Co.* (146 App. Div. 341), where the court held: " While under the statute the liability of an innkeeper for the loss of property of a guest delivered to him for safekeeping is limited to $250, unless by a special agreement in writing he assumes a greater liability, the recovery of a guest for the loss of property delivered to the innkeeper is not limited to said sum where she bases her action, not upon his liability as an innkeeper, but upon his affirmative negligence in failing to take proper care of the property after he had removed it from his safe during a fire."

The liability here is based upon negligence. In our opinion the plaintiff was not limited to a recovery of seventy-five dollars.

The determination should be affirmed, with costs.

CLARKE, P. J., FINCH and WAGNER, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting). I am unable to agree with the majority of the court in its construction of section 201 of the General Business Law, as added by chapter 506 of the Laws of 1924, in effect at the time of the loss of plaintiff's coat. Plaintiff, at the time of delivering and checking her coat at defendant's restaurant, made no statement as to the value of the garment, and no written receipt stating such value was issued. As I interpret section 201, as thus added plaintiff was only entitled to recover seventy-five dollars for the loss of her coat, and the proprietor of the restaurant would only be liable for a greater amount where the excess value was stated and a written receipt given at the time of delivery. The statute was manifestly passed to prevent frauds upon restaurant keepers who become gratuitous bailees of property deposited by guests or patrons in the parcel or check rooms of restaurants. In case of loss of articles checked, a restaurant keeper is at the mercy of the guest or patron and has no way of disproving any value which the latter may place upon the article lost. I think the Legislature substituted section 201 of the General Business Law in place of former section 201 of the General Business Law (as amd. by Laws of 1923, chap. 415) partly for the protection of a restaurant keeper who, without charge therefor, receives articles for safekeeping in a parcel or check room, and that it was the intent of the statute to restrict a recovery in all cases to the sum of seventy-five dollars where no statement of value in excess of seventy-five dollars is made upon delivery and no written receipt

stating such value is issued, and to restrict the recovery for loss to a sum not exceeding one hundred dollars even though it appear that the loss occurred by reason of the fault or negligence of the restaurant proprietor, unless the excess value be stated and a written receipt stating such value shall be issued by the restaurant proprietor. It seems to me that any other interpretation of the statute, as now existent, would render it meaningless for the purpose for which it was enacted.

I, therefore, must dissent and vote to modify the judgment of the Municipal Court by reducing the plaintiff's recovery to seventy-five dollars, besides costs.

Determination affirmed, with costs.