M. MORTON ANSORGE, Appellant and Respondent, *v.*
ELIZABETH BELFER, Respondent and Appellant, and
BANK OF THE MANHATTAN COMPANY, Respondent.

**Vendor and purchaser — real property — title — mortgage —
covenants — easement to maintain telephone lines in street
not a burden on land unless street is included in its boundaries
— purchaser justified in refusing to take title to property sub-
ject to mortgage with unusual acceleration clauses where he
had contracted for mortgage running absolutely for stated
period — unusual covenants not implied — judicial notice can-
not be taken of form of mortgage commonly used in locality —
waiver of objection not established by refusal to consent to
postponement of closing — plaintiff not entitled to equitable
relief where he has made no effort to meet proper objection.**

1. An easement to maintain telephone lines in a street does not
affect land contracted to be conveyed where the street is not included
in its boundaries.   An objection to the marketability of the title on
that ground is, therefore, not well taken.

2. An objection that unusual acceleration clauses in the purchase-
money mortgage, given by plaintiff to his grantor, justified the defend-
ant in refusing to take the property, subject thereto, must be sustained
where, at the time the contract was made, defendant had no notice of
the terms of the mortgage and contracted for a mortgage running
absolutely for a stated period.   Nor may acceptance of such covenants
be implied, in the absence of proof of the intention of the parties,
where they are not included in the statutory form of mortgages.   (Real
Prop. Law, § 258; Cons. Laws, ch. 50.)

3. In the absence of evidence that the mortgage tendered is a stand-
ard one commonly used in the place where the property was located,
judicial notice cannot be taken thereof.

4. Waiver of objections to the terms of the mortgage is not estab-
lished by defendant's refusal to consent to a short postponement of the
time for closing title.   Her refusal to so consent was an assertion, not
a waiver of her rights.

5. Plaintiff is in no position to obtain equitable relief where he has
had ample opportunity but has made no effort to meet defendant's
proper objection to the title.

*Ansorge* v. *Belfer*, 220 App. Div. 731, reversed.

(Argued April 4, 1928; decided May 1, 1928.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 21, 1927, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Julius Weiss* and *Herbert Pels* for plaintiff, appellant and respondent. The defendant waived the objections to title now raised by her. (*Imperator Realty Co.* v. *Tull,* 228 N. Y. 447.) Apart from waiver the plaintiff tendered a marketable title within the terms of the contract. (*Harris* v. *Shorall,* 230 N. Y. 343.)

*Julius S. Belfer* and *Charles J. Belfer* for defendant, respondent and appellant. Plaintiff was unable to deliver a deed free of all incumbrances, except as stated in the contract, on account of a legal incumbrance consisting of a telephone and telegraph easement. (*Harley* v. *Eagle Ins. Co.,* 222 N. Y. 178; *Falk* v. *Amer. West Indies Trad. Co.,* 180 N. Y. 455; *Mahoney* v. *Carr,* 175 N. Y. 451; *Newberger* v. *American Surety Co.,* 242 N. Y. 134; *Hartigan* v. *Casualty Co. of Amer.,* 227 N. Y. 175; *Pool* v. *Brunswick-Balke-Collander Co.,* 216 N. Y. 310; *Fossume* v. *Requa,* 218 N. Y. 339; *Israelsky* v. *Levine,* 215 App. Div. 94; *Wallach* v. *Riverside Bank,* 206 N. Y. 434.) The plaintiff was unable to convey the property subject to the mortgage provided by the contract. (*Adler* v. *Zimmerman,* 233 N. Y. 431; *Mawhinney* v. *Milbrook,* 231 N. Y. 290; *Bedlow* v. *N. Y. Float. Drydock,* 112 N. Y. 263; *Griggs* v. *Day,* 158 N. Y. 1; *Matter of Totten,* 179 N. Y. 112; *Schiff* v. *Bookmar Const. Co., Inc.,* 120 Misc. Rep. 169; *Oppenheim* v. *McGovern,* 115 App. Div. 135; 189 N. Y. 572; *Feist* v. *Block,* 100 N. Y. Supp. 843; *Groden* v. *Jacobson,* 129 App. Div. 508; *Yokshas* v. *Damovich,* 218 App. Div. 640.) The judgment is erroneously based on waiver and, therefore, must be reversed. (*Clark* v. *West,* 193 N. Y.

349; *Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34; *N. R. S. Realty Co.* v. *Forman*, 222 N. Y. Supp. 172; *Romeyn* v. *Sickels*, 108 N. Y. 650; *Lamphere* v. *Lang*, 213 N. Y. 585; *Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220; *Eddy* v. *Davis*, 116 N. Y. 247.)

POUND, J.   The action is for specific performance. Plaintiff agreed to sell and defendant agreed to buy lots in the borough of Queens known as lots 49 to 51 on Beach One Hundred and Fortieth street in block 61, according to a map of the property of the West Rockaway Land Company.   The premises had a frontage of sixty feet and a depth of one hundred feet.   The purchase price was $10,000, payable $750 on the signing of the contract; $2,000 by a check left in escrow with the Bank of the Manhattan Company " to be delivered at the closing of the title pursuant to the terms of the contract, if seller can deliver good and marketable title; " $2,250 in cash or certified check at the closing of the title; $3,750 by taking the premises subject to first mortgage for that amount at six per cent per annum, and to have three years to run; the balance in a purchase-money mortgage. The date of the contract was August 7, 1925.   The deed was to be delivered upon receipt of the payments, etc., at the office of J. P. O'Bierne, 132 Nassau street, New York city, at 2 P. M. on September 2, 1925.   The check for $2,000 was left with the defendant the Bank of the Manhattan Company, which holds it subject to the direction of the court and is not otherwise concerned with the merits of the litigation.   The plaintiff was not the owner of the property at the time of making the contract but was under contract to purchase it from McCoy, the record owner.   Title was to be closed concurrently on both deals.   On September 2, 1925, the parties met in O'Bierne's office.   McCoy had then transferred title to plaintiff.   Defendant was ready on her part to close title, but plaintiff's deed lacked his

wife's signature. He suggested that all matters in connection with the title be passed upon and that the signature of his wife could be obtained later in the day. Defendant rejected title, refused to grant plaintiff's request for an adjournment to the evening or the following morning, and left the office without further examining the title tendered by plaintiff. Plaintiff obtained his wife's signature to the deed, tendered it to defendant at Belle Harbor, where she lived, in the evening of the same day, and demanded his money. He did not tender evidence of title nor the purchase-money mortgage. Defendant rejected the tender, suggesting that the matter be taken up with the lawyers in a business-like way. On the following day plaintiff began this action. The answer set up the defense that the title was defective in that it was subject to a right of way granted by the West Rockaway Land Company to the New York and New Jersey Telephone Company to maintain its lines in the streets laid out on the map above referred to: also that the purchase-money mortgage executed by plaintiff to his grantor McCoy was not payable in three years but was subject to certain unusual accelerative clauses; one clause, known as the Brundage clause, which gave the mortgagee the right to declare the mortgage due if any change was made in the Tax Law (Cons. Laws, ch. 60) of the State in the law for the taxation of mortgages; another clause which permits the mortgagee to declare the whole principal sum due after default for sixty days after notice and demand in the payment of any assessment for local improvements payable in annual installments, notwithstanding such installment is not due and payable at the time of such notice and demand; another clause which provides that the whole principal sum shall become due at the option of the mortgagee, for failure of the owner to comply with the requirements of any department of the State or city of New York within three months after an order making such requirement has been issued

by any State or city department; another clause which permits the mortgagee to declare the whole amount due if the mortgagor shall assign the rents of the mortgaged premises without first obtaining the written consent of the mortgagee to such assignment, or upon the actual or threatened demolition, or removal of any building erected or to be erected on the premises; and another clause which permits the mortgagee to declare the whole amount due if two fire insurance companies refuse to insure the property. Defendant demanded judgment for the return of $750 paid on the contract, with interest thereon and a vendee's lien therefor, with $250 counsel fee and expenses of examination of title, and for judgment directing the defendant Bank of Manhattan Company to turn over the certified check for $2,000. The trial court granted judgment of specific performance as of the closing day. It held that the defendant, by not raising objections to the title on the closing day, had waived such objections. The Appellate Division unanimously affirmed, except that it eliminated from the judgment a provision for sale and deficiency judgment and provided a time for compliance with the terms of the judgment. The trial court made a finding that the item for counsel fee and examination of title should be $195 instead of $250 as demanded. Both parties appealed to this court.

The objection to the marketability of the title is not well taken. The deed of conveyance describes the lands by the lines of the street as " beginning at a point on the easterly side of Beach 140th street " and as " running along the easterly side of Beach 140th street " and does not include the street. It was held in *Fossume* v. *Requa* (218 N. Y. 339, 342) that a telegraph or telephone franchise over land agreed to be conveyed free from incumbrances is an incumbrance of which the buyer may complain. But the easement in question does not affect the land to be conveyed. The street was necessarily excluded from the description. (*Van Winkle* v. *Van*

*Winkle,* 184 N. Y. 193, 203.)   It was not an incumbrance and should have been disregarded.

The acceleration clauses in the mortgage present another question.   In *Oppenheim* v. *McGovern* (115 App. Div. 135; affd., 189 N. Y. 572) the court held in a case involving the so-called Brundage clause, that the defendant was entirely justified in refusing to take the property subject to the mortgage tendered.   When the mortgage is not recorded, not even in existence at the time the contract was made, so that the purchaser then had no notice of its terms, he may refuse to accept a deed and take title to property subject thereto when he has contracted for a mortgage running absolutely for the period of three years and when under the mortgage submitted the term thereof might be cut down to three months, sixty days or thirty days by unusual clauses therein. The statutory short form of mortgages (Real Property Law [Cons. Laws, ch. 50], § 258, schedule M, construed by Real Property Law, § 254) contains usual covenants to accelerate the due date for default in the payment of installments of principal or interest, taxes or insurance.   Such covenants are well understood and may be implied as a part of the mortgage called for by the contract.   The covenants in question are not included in the statute and may not be implied in the absence of proof of the intention of the parties.   It is said that the mortgage tendered is a standard one employed by title companies and conveyancers generally in the city of New York and that the parties must have had this form in mind when the contract was executed, but no evidence is offered to sustain this contention and we cannot take judicial notice of it.

We fail to see wherein the plaintiff has established any waiver of objections to the terms of the mortgage. Waiver has often been defined as the voluntary relinquishment of a known right.   (*Clark* v. *West,* 193 N. Y. 349, 360.)   Defendant's right at the time of closing was to

have a deed executed by plaintiff and his wife conveying good marketable title to the property, subject to a mortgage for three years. She should have consented, when requested, to a short postponement, even though the plaintiff was not instantly ready with complete performance on his part, but her refusal to consent was an assertion, not a waiver of her rights. Discourtesies and undue insistence on rights do not amount to a waiver. Failing to obtain such postponement, the plaintiff should have proceeded in an orderly way and notified the defendant that he would be ready on the following day to close title. The defendant would then have had an opportunity to object to the title tendered and the plaintiff would have had an opportunity to cure such objections. (*Harris* v. *Shorall,* 230 N. Y. 343, 347.) Instead, plaintiff chose to tender his deed and demand his money in the evening on the street and to begin his action on the following day. Defendant was thus put in a position to raise her objections by answer and compel plaintiff to meet them on the trial.

Plaintiff is in no position to obtain equitable relief. He pleads performance and he has not performed. The court has found waiver and waiver is neither pleaded nor proved. Defendant by her answer made a good objection to the terms of the mortgage as above indicated. Plaintiff made no effort to meet the objection. He has had ample opportunity to cure the defect, if it is curable, and has failed.

The judgment of the Appellate Division should be reversed, with costs in all courts against plaintiff and in favor of defendant Belfer. Complaint dismissed and judgment granted to appellant Belfer in accordance with opinion.

CARDOZO, Ch. J., ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; CRANE, J., not voting.

Judgment accordingly.