MONOGRAM DEVELOPMENT Co., INC., Appellant, *v.* NATBEN CONSTRUCTION Co., INC., Respondent.

(Argued April 8, 1930; decided May 6, 1930.)

*Harry G. Anderson* and *Louis J. Moss* for appellant. The agreements in question, though affecting the land in the bed of the street only, deprive the abutting property owner of essential easements of light, air and access and constitute an incumbrance upon the property which renders the title unmarketable. (*Van Vliet* v. *Gaines,* 249 N. Y. 106; *Moore* v. *Williams,* 115 N. Y. 586; *City* v. *Ferry Co.,* 231 N. Y. 18; *Story* v. *N. Y. Elevated R. R. Co.,* 90 N. Y. 122; *Shepard* v. *Man. Ry. Co.,* 169 N. Y. 160; *Newman* v. *Nellis,* 97 N. Y. 285; *Whites Bank* v. *Nichols,* 64 N. Y. 65; *Halloway* v. *Southmayd,* 139 N. Y. 390; *Matter of Edgewater Road,* 138 App. Div. 203; 199 N. Y. 560; *Matter of Sedgwick Ave.,* 213 N. Y. 438; *Lord* v. *Atkins,* 138 N. Y. 184.)

*Harold M. Kennedy* and *Meier Steinbrink* for respondent. The agreements on record do not affect the premises contracted to be sold. (*Ansorge* v. *Belfer,* 248 N. Y. 145; *Fossume* v. *Requa,* 218 N. Y. 339.) The easements and

agreement do not constitute incumbrances which warranted rejection of the title. (*Fossume* v. *Requa*, 218 N. Y. 339.)

O'BRIEN, J. The complaint demands judgment for a sum of money constituting a down payment under a contract of sale and to impress a lien for that amount as well as for expenses.

By written agreement plaintiff contracted to purchase real property in Brooklyn and defendant to convey it by deed containing full covenants and warranty. The sale was stipulated to cover whatever right, title and interest defendant might possess in the bed of streets in front of the premises, but there is no allegation and no proof of representation that defendant has any title therein. The premises are described by metes and bounds as beginning at the corner of two streets and running along their sides. Accordingly, these highways are excluded from the description of the property agreed to be conveyed. (*Van Winkle* v. *Van Winkle*, 184 N. Y. 193, 203; *Ansorge* v. *Belfer*, 248 N. Y. 145, 149.) On the closing day plaintiff made tender as provided by the contract but defendant was unable to convey free from certain rights which many years previously had been granted to third parties by one of its predecessors and which, as plaintiff argues, constitute burdens and incumbrances on the title of the realty agreed to be conveyed. These alleged incumbrances consist of the right to erect poles for lighting, to build sewers, lay water-mains and to construct elevated railroads in the streets in front of these premises.

The existence of sewers and water-mains in a highway, even where the fee is in the abutting owner, does not constitute an incumbrance. (*Fossume* v. *Requa*, 218 N. Y. 339, 342.) In a highway wherein no title has been conveyed to the abutting owner, neither are telephone poles nor lighting poles an incumbrance. (*Ansorge* v. *Belfer*,

*supra.*) The conveyance of the right to construct an elevated railroad, even when the fee of the highway is vested in the public rather than in the abutting owner, leads to a different result. (*Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 122; *Kane* v. *N. Y. El. R. R. Co.*, 125 N. Y. 164, 180; *Donahue* v. *Keystone Gas Co.*, 181 N. Y. 313.) Defendant has easements in the highway of light, air and access and such interest is subject to the burden existing by reason of the grant of the right to construct an elevated railway. Such right, if exercised, would interfere with and reduce the value of these easements appurtenant to the abutting premises and would impair the title. It does not cease to be a burden merely because some provision may have been made by defendant's predecessor for partial compensation for damages which may, in the future, be inflicted. The deprivation, even in part, of easements constitutes an incumbrance. (*Huyck* v. *Andrews*, 113 N. Y. 81.) The possibility that the right to construct an elevated railroad in front of these premises may never be exercised cannot render the existence of the incumbrance such a remote contingency as to compel us to disregard it. (*Isaacs* v. *Schmuck*, 245 N. Y. 77; *Van Vliet & Place, Inc.*, v. *Gaines*, 249 N. Y. 106.) Plaintiff is not compelled to take title to property the marketability of which is reasonably doubtful. (*Moore* v. *Williams*, 115 N. Y. 586.)

The judgment of the Appellate Division should be reversed, and the order of the Special Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment accordingly.