428

MARTINA CARFI, Plaintiff, *v.* SEBASTIANO DE MARTINO et al., Defendants.

Supreme Court, Special Term, Richmond County, January 3, 1944.

*Jerome Otis Ellis* for plaintiff.

*Klauber & Baron* for Sebastiano De Martino, defendant.

WALSH, J. Defendant made and delivered a bond and mortgage to plaintiff on January 15, 1929. They were married in civil ceremony on January 19th and in religious ceremony on February 3, 1929. By its terms, the bond became due on January 15, 1939, and the interest thereon was payable at 5% on January and July 15th of each year. With the proceeds of the mortgage and possibly other money of both parties, defendant erected a two-family dwelling on the mortgaged

premises, a part of which the parties occupied for about thirteen years when they disagreed and separated about November 15, 1942.

Plaintiff now sues to foreclose the mortgage and claims interest from January 15, 1929. Defendant's answer contained four defenses. Two were withdrawn. The action was tried. Defendant endeavored to prove a lost written agreement between the parties made shortly after the execution of the bond and mortgage, under which defendant would not be required to pay interest. The evidence did not sustain that defense. Defendant also attempted to prove payment of $2,000 on account of the principal but did not succeed. Defendant then moved, without objection, to conform his pleadings to the proof, contending that the evidence proved that the plaintiff had waived her right to interest while the parties were living together as husband and wife.

Plaintiff testified in substance that because she and defendant were husband and wife, she did not ask him for interest; after marriage, she did not want interest; the mortgage just lay there; they were husband and wife and she would not say anything to her husband about interest; she often recalled to his mind that she had the mortgage on the house; he would reply that he knew she had the mortgage on the house. The defendant husband testified that he never paid any interest and the wife never asked for interest on the mortgage. The defendant called some witnesses to prove admissions by plaintiff that she had executed a paper to relieve defendant of obligation to pay interest; that the paper acknowledged payment of ten years' interest in advance; that at that time plaintiff said, "I didn't ask my husband for interest"; that she would not charge her husband interest.

Strangely, to the court, no precedent has been found or submitted on similar facts.

Williston on Contracts (Vol. 3 [Rev. ed.] § 678, p. 1958), in treating the subject of excuses for nonperformance of conditions or promises, states in part that "waiver is a troublesome term in the law. Its use is not confined to conditional contracts, and any satisfactory discussion of it must consider all its applications. * * * The common judicial definition is: 'An intentional relinquishment of a known right,' or words of similar import", and after discussing various illustrations of the principle of waiver concludes (§ 690, p. 1994) "that waiver of performance of an obligation, which means permission not to perform it, excuses the obligor from performing so long as the

waiver or permission continues, and if the waiver continues so long that performance by the obligor will be essentially different from that which he originally bargained to render, all right to enforce the obligation is lost. Prior to that time the creditor may withdraw his permission even though he originally stated that he waived permanently all right. He cannot act in such a way as to make his permission work an injury to the obligor, but this is the only limitation of his right to revocation.''

The definition which Williston characterizes as '' the common judicial definition '' has often been adopted by the New York Court of Appeals. In *Clark* v. *West* (193 N. Y. 349, 360), the court, in discussing the doctrine of waiver, states: '' The cases which present the most familiar phases of the doctrine of waiver are those which have arisen out of litigation over insurance policies where the defendants have claimed a forfeiture because of the breach of some condition in the contract (*Insurance Co.* v. *Norton,* 96 U. S. 234; *Titus* v. *Glens Falls Ins. Co.,* 81 N. Y. 410; *Kiernan* v. *Dutchess Co. Mut. Insurance Co.,* 150 id. 190), *but it is a doctrine of general application which is confined to no particular class of cases. A waiver has been defined to be the intentional relinquishment of a known right.* It is voluntary and implies an election to dispense with something of value, or forego some advantage which the party waiving it might at its option have demanded or insisted upon (Herman on Estoppel & Res Judicata, vol. 2, p. 954; *Cowenhoven* v. *Ball,* 118 N. Y. 234), and this definition is supported by many cases in this and other states.'' (Italics supplied.)

In *Alsens Amer. Portland Cement Works* v. *Degnon Contr. Co.* (222 N. Y. 34, 37) the court defines waiver as follows: '' A waiver is an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed. It is the voluntary act of the party and does not require or depend upon a new contract, new consideration or an estoppel. It cannot be recalled or expunged. [Citing cases].'' (See, also, *Ansorge* v. *Belfer,* 248 N. Y. 145, 150.)

In any event, waiver is essentially a matter of intention which must be proved. In the case at bar, the proof adduced at the trial does unmistakably and unequivocally establish the claimed waiver of interest.

In *Goldstein* v. *Brastone Corp.* (254 App. Div. 288, affd. 279 N. Y. 775), which involved the liability of indorsers of a note, the court stated, at page 291: '' A waiver may be either verbal or in writing; and it is not necessary that the waiver should be

direct and positive. It may result from implication and usage, or from any understanding between the parties which is of a character to satisfy the mind that a waiver is intended. The assent must, however, be clearly established and will not be inferred from doubtful or equivocal acts or language. (*Cady* v. *Bradshaw, supra* [116 N. Y.], p. 191.) "

Defendant's defense of an oral or written agreement made by plaintiff was not proved herein. Defendant's claim to any relief herein rests upon the principle of waiver rather than on a new contractual obligation. Plaintiff's declarations and her nonfeasance for a period of fourteen years strongly indicate the existence of an intention on her part to relinquish her right to interest during that period. Such a conclusion is in consonance with normal expectations under the circumstances of this case. It is not unlikely that a wife who holds a mortgage upon property owned by her husband would waive payment of interest. The facts herein indicate that the plaintiff did waive the interest which came due prior to their separation.

Judgment of foreclosure for plaintiff for principal of $3,000 and interest at 5% from July 15, 1942. Submit judgment of foreclosure and sale.