GERTRUDE M. TEMPLE, as Administratrix of the Estate of GEORGE H. TEMPLE, Deceased, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 27934.) — Judgment affirmed, without costs of this appeal to either party. All concur. (The judgment is for claimant in a claim for damages for the death of claimant's intestate, alleged to have resulted by reason of negligence by State employees in the Syracuse Psychopathic Hospital.) Present — Taylor, P. J., Love, Vaughan, Kimball and Piper, JJ. [187 Misc. 878.]

CHARLES GILDEN et al., Respondents, v. AGATHA M. MOEHLAU, Appellant.— Judgment and order affirmed, with costs. Memorandum: The contract for the sale of the real property was complete. It provided for a mortgage in part payment of the purchase price. The terms of payment of the mortgage were set forth in the contract. The mortgage tendered was in statutory form (Real Property Law, § 258, schedule M). It contained the statutory covenants. The fact that the tendered mortgage did not contain a covenant against alteration of buildings without consent of the mortgagee is no defense to the purchaser's action for specific performance of the contract. The contract did not call for such a covenant and there is no such statutory covenant. The answer alleges no agreement that the mortgage was to contain such a covenant. Such a covenant, not included in the statute, may not be implied as being within the intention of the parties. (*Ansorge* v. *Belfer*, 248 N. Y. 145.) Were the rule otherwise, a party to a valid contract for the purchase and sale of real property which involved a purchase money mortgage, could with impunity, avoid such contract by merely insisting upon the insertion in the mortgage of some unusual or uncustomary covenant. All concur. (The judgment is for plaintiffs in an action to compel specific performance of a contract for the sale of certain premises in Buffalo, N. Y. The order resettled a previous order and struck out the answer of defendant and directed judgment for plaintiffs.) Present — Taylor, P. J., Love, Vaughan, Kimball and Piper, JJ.

FULTON L. JONES, Respondent, v. CHARLES MARCHESE, Individually and Doing Business as BELMAR COMPANY, Appellant.— Resettled order reversed on the facts, with $10 costs and disbursements, and motion granted, with $10 costs. Memorandum: In our opinion the convenience of witnesses requires the trial be had in Jefferson County. Moreover, the accident occurred in Jefferson County. All concur. (The resettled order denies a motion for change of venue.) Present — Taylor, P. J., McCurn, Love, Vaughan and Piper, JJ.

ROSE REGINELLI, Respondent, v. HABID HOBIKA, Appellant.— Order affirmed, with $10 costs and disbursements. All concur. (The order grants plaintiff's motion for a preference in a negligence action.) Present — Taylor, P. J., McCurn, Love, Vaughan and Piper, JJ.

WAYNE MOULTON, Appellant, v. HARTFORD FIRE INSURANCE COMPANY, Respondent.— Motion for reargument denied, with $10 costs; motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., McCurn, Vaughan and Kimball, JJ. [See *ante,* p. 970.]

In the Matter of the Estate of CEDRIC L. LLOYD, Deceased. BEATRICE L. CHASE, Respondent; HELEN S. LLOYD, Appellant.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., McCurn, Vaughan and Kimball, JJ. [See *ante,* p. 971.]

In the Matter of the APPLICATION OF THE SENECA COUNTY BAR ASSOCIATION FOR DISCIPLINARY ACTION AGAINST AN ATTORNEY.— Order of reference entered. **Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.**