BERNARDO TURI et al., Respondents, v. MILDRED C. MAROTTA et al., Appellants.— Order reversed on the law and facts, with $10 costs and disbursements, and motion granted, with costs. Memorandum: So far as the record discloses, when defendant Orlando entered into the contract with plaintiffs he had no knowledge of the contract previously entered into by the plaintiffs with defendants Marotta. He was ready and willing to close on the closing date set forth in his contract, but when it appeared that the Marotta contract had been recorded he properly demanded of plaintiffs that it be cancelled of record. On being served with plaintiffs' complaint for specific performance he again expressed his willingness to perform in his answer and counterclaim demanding specific performance by the plaintiffs. When the defendants Marotta removed the cloud on the title there was no issue of fact remaining to be tried between plaintiffs and Orlando and his motion for summary judgment to the extent of dismissing the plaintiffs' complaint and for an affirmative judgment decreeing specific performance of the contract as against. plaintiffs should have been granted. The order should be reversed, with $10 costs and disbursements, and the motion granted, with costs. We take it that the demand in the answer and counterclaim for damages was only for alternative relief in the event specific performance could not be granted. All concur. (Appeals from an order denying a motion by defendant Orlando for summary judgment under rule 113 of the Rules of Civil Practice.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ. [See *post*, p. 947.]

COMMISSIONERS OF THE STATE INSURANCE FUND, Respondents, v. HARRY FISHER, Defendant, and ARNOLD HUGHSON, Appellant.— Order insofar as appealed from reversed on the facts, with costs, and verdict of the jury as to defendant Hughson reinstated. Memorandum: The verdict of the jury as to defendant Hughson was amply supported by the evidence. All concur. (Appeal by defendant Hughson from part of an order granting plaintiff's motion to set aside the verdict of the jury of no cause and for a new trial as to both defendants, in an automobile negligence action.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. J. G. MENIHAN CORP., Appellant.— Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order denying defendant's motion to vacate a warrant for a penalty excepting that the Special Term directed the entry upon the docket of the discharge of the interest upon such penalty.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ. [201 Misc. 1037.] [See *post*, p. 947.]

PHILIP J. SCARDINO, Respondent, v. EDWARD F. HOFFMAN, Appellant.— Orders reversed on the facts, with $10 costs and disbursements, and motions granted, with $10 costs. (See *Scusa* v. *Hoefler*, 258 App. Div. 1036; *Jones* v. *Marchese*, 274 App. Div. 1089, and *Warner* v. *Heimerl Trucking Corp.*, 276 App. Div. 1052.) All concur. (Appeal from two orders denying motions by defendant to change the place of trial from Monroe to Chemung County.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.